CHARLES C. PILGRIM, RECEIVER OF THE RUSSELL-ROBINSON COMPANY, RESPONDENT, v. AETNA LIFE INSURANCE COMPANY, A CORPORATION, APPELLANT.

Argued June 7, 1917—Decided November 19, 1917.

The defendant, an insurance company, issued to a contracting company a policy assuring it against loss by reason of the injury or death of any person not in the employ of the assured, by accident growing out of the business described, and conducted at the locations named in the policy. The business described was, "All operations incidental to the following business, in and during the continuance thereof—carpentry work in connection with buildings not exceeding four stories in height," but expressly excluded "demolition or wrecking of any structure." The plaintiff, the assured, entered into a contract with its owners to repair and remodel two adjoining buildings, and in the course of the work required by the contract it became necessary to take down a partition wall between the two buildings, and in doing this a

person not in the employ of the assured was killed, for which his administratrix recovered a judgment against the plaintiff, the assured, and thereupon plaintiff brought this suit for indemnity under the policy. *Held*, that the removal of the wall was not a "demolition or wrecking of any structure" within the meaning of the policy.

On appeal from the Supreme Court.

For the appellant, *Collins & Corbin.*

For the respondent, *Lum, Tamblyn & Colyer*

The opinion of the court was delivered by

BERGEN, J. The Russell-Robinson Company entered into a contract with the owners to remodel and repair a building located on Market street, in the city of Newark, which had been damaged by fire. The Russell-Robinson Company entered into a sub-contract with the William L. Blanchard Company, a corporation, to do all the mason work required by the contract. A man by the name of Zamelsky, who was not an employe of either party, was killed by the falling of a wall which was being taken down while he was on the premises by the permission of either the contractor or the sub-contractor. His administrator recovered a judgment against both the Russell-Robinson and the Blanchard company, which was set aside as to the Blanchard company but affirmed as to the Russell-Robinson Company. The plaintiff was appointed receiver of the latter company and brought this suit to recover from the defendant the amount the Russell-Robinson Company was required to pay in satisfaction of the judgment. The plaintiff succeeded in his action and judgment was entered in his favor from which the defendant has appealed.

The policy of insurance, upon which the plaintiff's action is rested, was issued by the defendant to the Russell-Robinson Company, which by its terms assured it against loss resulting from claims on account of injuries or death accidentally suffered "by any person or persons not employed by the assured, by reason of the business described and conducted at

the locations named in the said warranty," which warranty was made a part of the policy. Two operations were exempted from the policy, viz., demolition or wrecking of any structure and the operation of locomotives and cars by reason of locomotives. The cause was tried before the court without a jury and it found "that the said work being done upon said premises was a rebuilding, remodeling and repairing of said structure and was incidental to the business described in the warranties to the policy."

The first ground urged for reversal is that the court had no jurisdiction over the action, for the reason that the cause had been removed to the United States District Court. There is no legal basis for this contention because the federal court after the removal of the cause, remanded it to the Supreme Court of this state, on the application of the present plaintiff. The state court has no authority to review the action of the federal court in remanding a cause of action to a state court from which, in the judgment of the federal court, it had been improperly removed, and therefore the Supreme Court of this state had jurisdiction to hear and determine the cause of action.

The next point made is that there was no allegations in the complaint, or evidence at the trial, or finding by the trial court that the judgment recovered by the administratrix of the deceased against the Russell-Robinson Company "was upon a claim upon it by reason of the doing by that company of any carpentry work." The argument in support of this is that the classified description of the business insured was limited to carpentry work. This overlooks the fact that after classifying carpentry work, the warranty includes "all operations performed for assured under contract." We think that the trial court was justified in finding that the taking down of the wall, the falling of which caused the death of Zamelsky, was incidental to the business described in the warranty.

The next point which the appellant urges is that the taking down of the wall was a demolition or wrecking of a structure. This, we think, is not sound. The removal of an interior partition wall for the purpose of repairing and altering the

building in accordance with the contract between the Russell-Robinson Company and the owner of the building is not the "demolition or wrecking of any structure" within the meaning of the policy, one of the warranties being that "the foregoing statement correctly describes the business to be insured, *including all usual or special operations incident thereto."* The taking down of an inside partition wall made necessary for the completion of the carpentry work, is a usual or special operation incident thereto. The premises being repaired were two buildings, and in order to complete the carpentry work according to the contract it was necessary to take down the wall separating the two buildings, but that proceeding was not a "demolition or wrecking of any structure," it was nothing more than the removal of a wall, made necessary to accomplish the alterations and repairs required to be done under the contract and incidental thereto. We are also of opinion that the contract between the Russell-Robinson Company and the owner of the property being repaired, was properly received in evidence, being necessary to give the jury a complete understanding of the case, but, if not, it did no harm to the defendants. The contention that the plaintiff was improperly allowed to prove the amount of the judgment in favor of the administratrix of Zamelsky without a production of the record is frivolous, because the complaint alleged *its* recovery, and the answer admitted it. We have examined the other matters argued but find no merit in them.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 12.

*For reversal*—None.