W. E. BYRD and K. U. BRYAN, Trading as BYRD & BRYAN, et al. v. GEORGIA CASUALTY COMPANY.

(Filed 25 October, 1922.)

**1. Insurance—Accident—Indemnity—Risks Covered.**

A policy indemnifying the owner against loss on account of injuries received by a workman while engaged in the erection of a building covers only accidents occurring in the work described, and cannot be construed to apply to those incurred in the process but not described in the application, or within the terms of the policy; and an injury to a workman caused by the tearing down of a dividing wall between an old building and an addition thereto, the latter only being the one covered by the policy, does not come within the terms of the policy expressly excluding injuries received in wreckage.

**2. Actions—Attorney and Client—Attorney's Fees—Costs—Appeal and Error.**

The recovery of counsel fees for the prosecution of an action is not permissible. *Semble,* if otherwise, a finding would be necessary on appeal that the fees thus claimed were reasonable for the services rendered by the counsel.

Appeal by J. R. Cannady, surviving partner of Gibson & Cannady, plaintiff, from *Daniels, J.,* at March Term, 1922, of Durham.

This case was heard by *Daniels, J.,* upon agreed facts. The only parties before the court are J. R. Cannady, surviving partner of the

firm of Gibson & Cannady, and the defendant company.  The defendant insured the plaintiff Gibson & Cannady against loss arising on account of injuries suffered, including death resulting therefrom, at any time by any employee of the assured in the operation of the work described in the statements attached to said policy and agreed to defend any suit therefor on behalf of the assured, and to pay all expenses, legal and otherwise, incurred by the company in defending such suit.  Judgment for defendant, appeal by plaintiff.

*William G. Bramham for plaintiff.*
*Fuller, Reade & Fuller for defendant.*

CLARK, C. J.  One Potts, an employee of Gibson & Cannady, was injured by the falling of a wall, and instituted an action against them and the owners of the building; the defendant insurance company denied liability for the injury, and refused to defend the suit brought by Potts, alleging that the injury was not sustained in the work which was within the terms of the policy.  The policy specified that the injury insured against was any which should occur in "the erection of any building, including foundations."  The construction described was "an addition to their store building, known as the old Phipps building," three stories in height, which was to be placed in the rear of such building attached to it, but at the time of the collapse of the wall, which resulted in the injury to Potts, the work which was being carried on was not on the addition, but in tearing down a partition wall in the old building, and not in the part covered by the contract, which specified insurance against injuries sustained in the "erection of any building," and the policy provided that no wrecking was to be done.

The agreed statement of facts sets out that the injury sustained "was in removing the brick partition wall heretofore mentioned on the first floor of the old Phipps building in order to convert two storerooms above mentioned into one storeroom.  A steel pillar had been set at the end of said wall in front of said building, and a steel pillar had been set about the middle of said wall, and a steel pillar at the rear of said partition wall; steel pillars were to be installed to support said building, and to incorporate said two storerooms into one."  The work which was being done at that time was wrecking and not construction.  The old Phipps building consisted of two stores, which it was the desire of the owners to convert into one by removing the brick partition wall.  In order to do this they were demolishing that partition wall, and this was the cause of the collapse of the building.  The agreement in the policy that no wrecking must be done was violated, and the work specified in

the terms of the policy, "the erection of frame, brick, and concrete buildings," was not the work which was being done at the time of the injury to Potts, nor was he engaged in such work.

Where a policy insures against claims for damages by reason of injuries incurred by employees in certain designated operations, it cannot be extended to include claims for injuries happening to employees while engaged in work other than that specified. A policy issued to indemnify against injuries caused by certain things used in a particular business, and described in the application, covers only accidents occurring in such described work, and does not cover those occurring in work or acts which may be employed in the process but not described in the application. 15 Cyc., 1037. *Wollman v. Fidelity Co.,* 87 Mo. App., 677.

In addition to seeking to recover one-half of the amount paid to satisfy the judgment recovered by Potts against the original plaintiffs in this suit, the appellant Cannady is seeking to recover $500, the amount paid to his attorney for his services in connection with the Potts suit, and also to recover a reasonable allowance for attorney's fees for prosecuting this action.

There is no finding of fact, nor agreement, that the $500 paid to the counsel for the appellant was reasonable, nor is there any finding or agreement as to what his services consisted of. In the absence of a finding or agreement that $500 was a reasonable fee for the services rendered by plaintiff's counsel, plaintiff is not entitled to recover anything on that account.

Counsel fees in this action cannot be allowed as a part of the costs. This action is not different from any other. The defendant had the legal right to contest plaintiff's claim, and it has done so in good faith, and cannot be required to pay the fee referred to. *Midgett v. Vann,* 158 N. C., 128.

If Potts had been engaged in the work which the policy covered, namely, "the construction of the addition to the old Phipps building," he would not have been injured. The parties agreed that the defendant should not be liable for injuries occurring elsewhere, and its terms cannot be enlarged or extended. He was not erecting the building referred to in the policy, but on the contrary, was engaged in wrecking a portion of the old building, which was not within the terms of the contract of indemnity.

No error.