James E. Lockwood, Jr., Plaintiff-Appellee, v. Dave Goldman, Trading as Goldman Wrecking Company, Defendant-Appellant.

Gen. No. 10,544.

 Opinion filed January 8, 1952. Released for publication January 28, 1952.

WELSH & WELSH, of Rockford, for appellant; C. K. WELSH, of Rockford, of counsel.

L. W. MENZIMER, of Rockford, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This case originated before a justice of the peace and thereafter was appealed to the circuit court of Winnebago county. A trial was had before the court without a jury, resulting in a finding and judgment for the plaintiff, and against the defendant for $474.75. The defendant has appealed to this court.

The plaintiff and the defendant entered into a written contract whereby the defendant was to demolish a building that was owned by the plaintiff. The pertinent part of the contract which is written on stationery of the defendant is, "For the sum of $1.00, to be paid by D. Goldman Wrecking Company we hereby agree to demolish the said structure to ground level. The basement to be kept free of superfluous rocks, wood and rubble." The building to be demolished is known as 118 and 120 South Rockton Avenue in the City of Rockford, Illinois. The plaintiff wrote and accepted the offer of the defendant to demolish the building. The last paragraph of his letter is as follows: "I would like to hire a truck or two to remove some of the rock, bricks, etc., to fill in the river by my house north of town. Please advise if you know of someone that are reasonable in this trucking."

The defendant proceeded to demolish the building, but before it was finally completed, he abandoned his contract, and the plaintiff started this suit to recover the damages that he had sustained by hiring another

to tear down the building to the ground level and remove the brick, etc. It is contended by the appellant that he never agreed to remove any of the brick and other rubbish from the building, but that he only contracted to tear down the building and keep the cellar clear of superfluous rubbish. He does not deny that he did not fully complete his contract, or that he is liable for the amount that was required to demolish the rest of the building down to the ground level. The judgment in question includes the amount that the plaintiff expended to remove the brick and rubbish from the grounds.

■ The trial court was under the impression that the word ''demolish'' also meant the removal from the premises of the debris. The word ''demolish'' as defined by Webster's Unabridged Dictionary, ''is to throw or pull down; to destroy; to pull to pieces; to ruin.'' To the same effect is Worcester's Dictionary. The American College Dictionary, in addition to the terms already used, defines it ''to put an end to; to destroy utterly; ruin or lay waste.'' The court heard evidence in regard to what the parties had intended to do when they entered into this contract. In the case of *Davis v. Fidelity Fire Ins. Co.,* 208 Ill. 375, 382, the Supreme Court, states the rule of hearing parol evidence to explain or vary a written contract is as follows: ''The law is well settled that when parties reduce to writing their agreement as finally agreed upon by them, all prior negotiations leading up to the execution of the writing are merged in the writing, and that parol evidence is not admissible to explain, contradict, enlarge or modify the writing as it exists when executed. The writing, when executed, becomes the repository of the agreement between the parties. In *Memory v. Niepert,* 131 Ill. 623, on page 630, it is said: ''Where parties have deliberately put their contract into writing, the rule doubtless is that the writing is

the exclusive evidence of what the contract is." And in *Clark v. Mallory,* 185 Ill. 227 (p. 232) : "While courts will uniformly endeavor to ascertain the intentions of the parties in construing a contract between them, and for that purpose will look into the surrounding circumstances at the time the contract was executed if the language of the instrument is ambiguous or its meaning uncertain, still, when the language employed is unequivocal, although the parties may have failed to express their real intention, there being no room for construction, the legal effect of the instrument will be enforced as written. Intention of the parties is not to be determined from previous understandings or agreements, but must be ascertained from the instrument itself which they execute as their final agreement, otherwise written evidence of an agreement would amount to nothing." To the same effect is *Marshall v. Gridley,* 46 Ill. 247, 250. The word "demolish" has a well-defined meaning, and the courts must give effect to the contract, as it is used in the agreement.

 It seems clear that the plaintiff, at the time the contract was made to demolish this building, did not understand that the defendant was to remove the rubbish, as from the last paragraph of his letter of acceptance, he makes inquiry of the defendant about obtaining other trucks at plaintiff's cost to remove the rocks, bricks, etc., for his own personal use. It is our conclusion the trial court erred in admitting oral testimony to vary this written agreement between the parties.

 As before stated, the defendant does not dispute that he is liable to the plaintiff in the amount that is necessary to be spent to finish his contract; namely, to demolish the building down to its foundation. The evidence is not such that it can be ascertained how much the plaintiff expended for demolishing the rest of the building, and for what he paid for removing the rubbish, and as the defendant is not liable for the

removal of the brick, etc., the judgment in this case cannot stand.

The judgment of the trial court is reversed and remanded for a new trial.

*Reversed and remanded.*