STATE SECURITY INSURANCE COMPANY, Plaintiff-Appellant, *v.* KENNETH LINTON, d/b/a Linton Brothers, *et al.*, Defendants-Appellees.

First District (5th Division)    No. 76-1642

Opinion filed June 30, 1978.—Modified on denial of rehearing January 31, 1979.

Brody, Gore & Fineberg, Ltd., of Chicago (Michael H. Berman, of counsel), for appellant.

Patrick E. Dwyer, of Chicago, for appellee John P. Regas.

L. Louis Karton, Ltd., of Chicago, for appellee Kenneth Linton.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff, State Security Insurance Company, filed a complaint for a declaratory judgment against defendants, Kenneth Linton, d/b/a Linton Brothers, and John P. Regas, in which it sought a determination of its obligations under a liability insurance policy it wrote. Linton answered the complaint and filed a counterclaim and third-party complaint against plaintiff and Conklin-Crandall Company, Inc. In the bench trial which followed, the trial court, at the close of plaintiff's case, granted defendants' motion for a directed finding. This is an appeal from the order entered upon the finding. The only issue on appeal is whether the decision of the trial court is contrary to the manifest weight of the evidence. We reverse. The pertinent facts follow.

On August 13, 1973, Linton entered into an agreement with Regas to do certain work at a six-story building located at 305-315 West Grand Avenue in Chicago, Illinois. The relevant portions of that contract provided:

"Remove all old piping; old scrap; two boilers; concrete floor on fourth floor, and metal runners that hold up concrete; chimney stack approximately 200 feet high; two small brick walls in basement; oil tank in basement; three large tanks; two wooden water tanks on roof; cages and duct work mounted on side of building; and all other materials and debris located in the above building with the exception of the sprinkling system. We will

undertake not only to remove, but also haul away and dispose of all of the aforementioned."

On that same day, August 13, 1973, Linton applied to an insurance agency, Conklin-Crandall Co., Inc., for a comprehensive general liability policy. The agency submitted an application to plaintiff and plaintiff issued a "binder" which provided coverage for a period from August 15, 1973, to August 15, 1974. After receiving two inspection reports from the Illinois Service Bureau concerning the type of work being done by Linton, a description of the property at 305-315 West Grand Avenue, information about Linton's payroll, and information about the type of equipment Linton used, plaintiff issued a general liability policy. The pertinent provisions of that policy stated:

> *Description of Hazards*
> Premises—Operations
> Wrecking Building or structures not marine—including salesmen or clerical at site of wrecking
> * * *
>
> *Endorsement No. 1*
> It is a condition of this policy that the coverage afforded thereby shall apply only to the wrecking or demolition of structures not exceeding seventy (70) feet in height."

The terms "wrecking" and "demolition" were not defined in the policy.

On October 19, 1973, a fire occurred while Linton and his employees were working in the building. The fire gutted the interior of the building. Subsequently Regas sued Linton for damages alleging in part that Linton was careless and negligent in the use of acetylene torches on the job site while removing certain metal fixtures, other materials and debris from the building.

Upon receiving service of summons and complaint, Linton tendered the defense of this negligence case to plaintiff. In turn, plaintiff brought this suit for declaratory judgment claiming that there is no insurance coverage for the work done by Linton at the building because Linton was engaged in the "wrecking" or "demolition" of a building which was in excess of 70 feet in height and was violative of the terms and endorsement of the insurance policy.

At trial, plaintiff called Linton under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 60). In his testimony Linton admitted that he was engaged in the business of wrecking and rubbish removal, but he added that in September and October of 1973, he was doing "salvage" at the building. Plaintiff did not go on to inquire into exactly what work was being done at the time of the fire.

## OPINION

In stating its first contention, plaintiff argues that the trial court erred in finding that Linton was not engaged in "wrecking and demolition," that he had liability insurance coverage at the time of the fire and that the coverage was applicable in the action filed against him by Regas. We agree.

In support of its position, plaintiff points to the following: (1) that in his answer to plaintiff's complaint for declaratory judgment, Linton admits that he was doing demolition and wrecking at the building; (2) that in his application for insurance, defendant's operations were described as "grading of land and wrecking"; and (3) that under examination pursuant to section 60 of the Illinois Civil Practice Act, Linton stated that his occupation was "wrecking and rubbish removal." Furthermore, plaintiff asserts that additional support for its position can be found in the fact that Linton entered into an agreement with Regas to perform the following work at the building:

> "Remove all old piping; old scrap; two boilers; concrete floor on fourth floor, and metal runners that hold up concrete; chimney stack approximately 200 feet high; two small brick walls in basement; oil tank in basement; three large tanks; two wooden water tanks on roof; cages and duct work mounted on side of building; and all other materials and debris located in the above building with the exception of the sprinkling system."

Plaintiff argues that in light of the aforementioned facts and circumstances a prima facie case was established that defendant Linton was engaged in "wrecking and demolition" of a structure exceeding 70 feet in height and therefore the policy endorsement excluding coverage applied. The endorsement relied upon by plaintiff to avoid coverage states:

> "It is a condition of this policy that the coverage afforded thereby shall apply only to the wrecking or demolition of structures not exceeding seventy (70) feet in height."

In response thereto, defendants make only the following arguments: (1) that the exclusion endorsement is ambiguous, and (2) that plaintiff failed to prove that defendant Linton was engaged in "wrecking" or "demolition" activities and, therefore, failed to establish a prima facie case. We see no merit in this argument—not only because it appears that the exclusion language is unambiguous, but also because defendant Linton made a judicial admission that he was engaged in demolition and wrecking work.

■■ With regard to defendants' position that the endorsement language is ambiguous, we note that the courts in Illinois have defined an

ambiguous writing as "one capable of being understood in more senses than one * * *." (*Terracom Development Group, Inc. v. Coleman Cable & Wire Co.* (1977), 50 Ill. App. 3d 739, 744, 365 N.E.2d 1028; *First National Bank v. Victor Comptometer Corp.* (1970), 123 Ill. App. 2d 335, 341, 260 N.E.2d 99.) We also note that whether any contract is or is not ambiguous is a question of law for initial determination by the trial court. *Terracom Development Group, Inc.*

■ In the case before us, the trial court found no ambiguity in the endorsement. We also find the language of this exclusion clause unambiguous. It contains only ordinary words which are the subject of common usage in the English language. Therefore, there is no need or occasion to employ theories of construction.

■ In connection with the effect of the judicial admission in Linton's answer to plaintiff's complaint, we note the rule that once a statement of fact has been admitted in the pleadings, it constitutes a judicial admission, it is binding on the party making it, and it makes it unnecessary for the opposing party to introduce evidence in support thereof because it has the effect of withdrawing the fact from issue. (See, *e.g., Western Life Insurance Co. v. Chapman* (1975), 31 Ill. App. 3d 368, 334 N.E.2d 806, *cert. denied* (1976), 424 U.S. 927, 47 L. Ed. 2d 337, 96 S. Ct. 1140; *Vincent v. Weslowski* (1967), 87 Ill. App. 2d 477, 232 N.E.2d 120.) In *Precision Extrusions, Inc. v. Stewart* (1962), 36 Ill. App. 2d 30, 50, 183 N.E.2d 547, the court stated:

> "Judicial admissions are not evidence at all, but are formal admissions in the pleadings * * * which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."

When the admission is made in an unverified pleading signed by an attorney, it is binding on his client. See *Allen v. United States Fidelity & Guaranty Co.* (1915), 269 Ill. 234, 109 N.E. 1035.

■ In this case, plaintiff's unverified complaint alleged that Linton entered into a contract with Regas to do certain demolition and wrecking work at the building in question. In his unverified answer Linton admitted that allegation. The record does not reveal that Linton moved to amend his answer. Consequently, this was a judicial admission, which eliminated any factual issue as to the character of the work to be done pursuant to the contract between Linton and Regas.

During oral argument counsel for Linton argued that the only evidence of work done and to be done was in the contract and that the contract negated the admission. We find this argument unpersuasive. An admission in an answer is conclusive as to the admitted fact and is binding on the party making it. *Western Life Insurance Co. v. Chapman* (1975), 31 Ill. App. 3d 368, 334 N.E.2d 806.

Because "wrecking" was admitted we also do not accept defendants' contention that plaintiff, in order to establish a prima facie case, was under an obligation to ask Linton exactly what work he was doing at the time of the fire.

During oral argument, counsel for Regas stated that he would concede that Linton was engaged in wrecking or demolition if he had been engaged in removing the chimney at the time of the fire. This argument raises the question of whether the contract is divisible in the sense that wrecking or demolition was to be performed on the chimney and activities other than wrecking or demolition to be performed on the building. Where a contract by its terms, nature and purpose contemplates and intends that each and all of its parts and the consideration shall be interdependent and it appears that the contract is to be performed as a whole, it is an entire contract. (See *Keeshin v. Levin* (1975), 31 Ill. App. 3d 790, 334 N.E.2d 898; *Stanmeyer v. Davis* (1944), 321 Ill. App. 227, 53 N.E.2d 22.) In the case before us, the agreement between Linton and Regas was to be performed as a whole and is an entire contract. The removal of the chimney cannot be severed from the other activities specified in the contract.

Defendants assert that in *Lockwood v. Goldman* (1952), 345 Ill. App. 324, 102 N.E.2d 828, this court interpreted the phrase "wrecking or demolition" in a manner which is supportive of defendants' conclusion that Linton was not engaged in wrecking or demolition. Defendants conveniently ignore the fact, however, that the issue in that case was whether a salvage operation involving the removal of debris from previously demolished premises constituted "wrecking." In contrast, we are concerned with a contract calling for the gutting of a building and the removal of a 200-foot chimney.

Defendants rely heavily on *Pilgrim v. Aetna Life Insurance Co.* (1917), 91 N.J.L. 258, 102 A. 445. This reliance is misplaced. The business described therein was carpentry work. The court concluded that "demolition or wrecking" did not include the removal of an interior partition wall for the purpose of repairing the building and that the removal of the inside partitions was incidental to the carpentry work to be performed. The facts in that case are distinguishable from those before us. The removal work to be done in the building in question is far more extensive than taking out a partition wall: it involves changing a building from a steam laundry to an office building.

Furthermore, we note that the North Carolina Supreme Court has considered the meaning of the word "wrecking" while interpreting a similar policy of insurance in the case of *Byrd & Bryan v. Georgia Casualty Co.* (1922), 184 N.C. 224, 114 S.E. 1. There, the insurance company issued a policy which specified that the injury insured against

was any which could occur in "the erection of any building, including foundations," but the parties also agreed in the policy that no wrecking was to be done. An injury was sustained while a brick partition wall on the first floor of a building was being removed in order to convert two storerooms into one storeroom. The court found that the work being done was wrecking and not construction, and that the agreement in the policy that no wrecking would be done was violated.

In light of the foregoing, we conclude that plaintiff presented a prima facie case that Linton was engaged in wrecking or demolition activities and was not entitled to coverage under the insurance policy issued by plaintiff. We hold, therefore, that the trial court erred in entering a directed finding against plaintiff at the close of plaintiff's case.

■■ Defendants' final contention is that this appeal should be dismissed because October 12, 1976, appears on the notice of appeal rather than October 13, 1976, which was when the judgment order was entered. Defendants maintain that the wrong date creates a fatal defect as neither they nor the reviewing court can ascertain what order this appeal is taken from. This argument is without merit. The "2" was obviously a typographical error. Defendants rely upon the case of *Place v. Improvement Federal Savings & Loan Association* (1962), 24 Ill. 2d 245, 181 N.E.2d 94. However that case involves an order that was entered almost two years prior to the actual order that the plaintiff-appellant was appealing from, and consequently it is inapposite.

For the reasons stated, the judgment of the trial court is reversed and this cause is remanded for further hearings consistent with this opinion and for such other proceedings as the trial court may deem necessary.

Reversed and remanded.

LORENZ and MEJDA, JJ., concur.