STATE FARM FIRE AND CASUALTY COMPANY, as Subrogee of Ada Thomas, Plaintiff-Appellant, v. M. WALTER ROOFING COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 1—93—3350

Opinion filed March 14, 1995.

Simon, McClosky & Scovell, Ltd., of Chicago (Robert P. Cross IV, of counsel), for appellant.

Eichstaedt, Piller, O'Leary & Rampson, of Carol Stream (Edward J. Rampson, of counsel), for appellee.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

In 1988, the premises located at 4725 South Michigan Avenue in the City of Chicago were damaged as a result of a leaky roof. The owner, Ada Thomas, submitted a claim to her insurer, plaintiff State Farm Fire & Casualty Company, which paid $10,885.14 on the claim. Plaintiff, as Thomas' subrogee, subsequently brought a breach of contract action against defendant M. Walter Roofing Company, which had repaired Thomas' roof in 1984.

According to both parties, plaintiff filed suit on April 26, 1991, to recover its payment on Thomas' claim. A copy of that complaint does

not appear in the record, although a receipt for service of summons dated April 26, 1991, is of record. Plaintiff filed an unverified amended complaint on June 19, 1991. In July 1991, defendant filed a motion to dismiss, contending that plaintiff's cause of action was barred by the statute of limitations. The motion acknowledged that defendant had entered into a contract with Thomas to reroof the premises at 4725 South Michigan Avenue. The court granted the motion on July 15, 1991.

On August 16, 1991, plaintiff moved for reconsideration of the July 15 order, seeking to file a second amended complaint alleging breach of contract. The record contains no order in response to this motion.

However, in April 1992, defendant again moved to dismiss plaintiff's amended complaint. The motion, filed pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), asserted that plaintiff failed to allege facts supporting its claims that defendant owed a duty to its subrogor pursuant to a contract and that it had not performed its work in a good and workmanlike manner.

On April 28, 1992, the trial court granted defendant's motion and granted plaintiff leave to file a second amended complaint. Plaintiff's unverified second amended complaint, filed on May 22, 1992, alleged breach of contract. Paragraph 2 of the complaint stated that "[p]laintiff's subrogor, Ada Thomas, owned the premises and contents located at 7935 S. Vernon, Chicago, Illinois." Paragraph 4 referred to the contract for roof repair that Thomas and defendant had entered into and stated that "copies *** are attached hereto and marked Exhibit 'A' and incorporated herein." The contract stated that

"[t]he seller hereby sells, and the buyer *** hereby purchases subject to the terms set forth below and upon the reverse side hereof, the following described goods and services which are to be furnished or used in the modernization, rehabilitation, repair, alteration or improvement of the real property located at the buyer's address *** at 4725 So. Michigan Chgo, [sic] Ill."

The contract described the goods and services as "construct[ing] the entire roof at 4725 South Michigan." Defendant's unverified answer, which was signed by its attorney, admitted the allegations in paragraph 4.

On November 4, 1992, plaintiff filed its third amended complaint, which was identical to its second amended complaint except that it added the allegation that the contents of Thomas' premises were damaged as a result of defendant's failure to adhere to the contract. The trial court issued an order on the same day, stating that

"[d]efendant's answer to First Amended Complaint [*sic*] shall stand as his answer to Second Amended Complaint [*sic*]." The court apparently intended to allow defendant's answer to the second amended complaint to stand as its answer to the third amended complaint.

The case went to trial on March 16, 1993. A transcript of those proceedings is not in the record, although the parties filed a "Stipulated Report of Proceedings" from which the following facts are gleaned. (See 134 Ill. 2d Rules 323(c), (d).) Defendant was not present at the trial, but it was represented by counsel. Plaintiff asked its first witness, George Thomas, if he was familiar with "Plaintiff's Exhibit No. 1." Defendant objected, noting that the body of the complaint referred to 7935 South Vernon, whereas the exhibit referred to services performed at 4725 South Michigan. The judge sustained the objection on the basis that the exhibit was not relevant to the issues framed by the complaint.

Plaintiff then moved to amend its complaint to reflect the South Michigan address appearing in the exhibit. Plaintiff asserted that defendant investigated the loss one week after its occurrence, that defendant received plaintiff's expert's report which contained the correct address, and that the correct address was revealed at the deposition of plaintiff's witness, George Thomas, which was taken 11 days before trial. The trial judge asked defendant's attorney if he would withdraw his objection, but he refused. The judge then ruled that no evidence could be admitted regarding the loss at 4725 South Michigan.

Plaintiff rested and defendant moved for a directed finding, which was allowed. The trial court subsequently entered judgment in favor of defendant. Plaintiff's post-trial motion was denied, prompting this appeal.

■ Plaintiff first argues that the trial court erred in excluding evidence of the loss at 4725 Michigan Avenue. Defendant asserts that plaintiff has not preserved this issue for appeal because it failed to make an offer of proof at trial. However, a formal offer of proof is not the sole means to perfect an appeal from a ruling denying the admission of evidence. (*Hall v. Northwestern University Medical Clinics* (1987), 152 Ill. App. 3d 716, 722, 504 N.E.2d 781, 785.) An offer of proof serves to convey to both the trial court and the reviewing court the substance of the evidence the party sought to introduce at trial. (*Daehler v. Oggoian* (1979), 72 Ill. App. 3d 360, 369, 390 N.E.2d 417, 424.) Without such knowledge, the reviewing court cannot assess the prejudicial impact of its exclusion (*Hall*, 152 Ill. App. 3d at 722, 504 N.E.2d at 785), but as long as the trial court and the reviewing court are informed of the substance of the proffered evidence, a formal of-

fer of proof is unnecessary. See *Daehler*, 72 Ill. App. 3d at 369, 390 N.E.2d at 424; see also G. Lilly, An Introduction to the Law of Evidence 469-70 (2d ed. 1987); M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 103.7, at 21 (6th ed. 1994).

■ Under the circumstances of the present case, an offer of proof was not required to preserve this issue for appeal. Defendant's objection and plaintiff's motion to amend its complaint sufficiently apprised both the trial court and this court of the evidence plaintiff sought to be admitted, *i.e.*, testimony regarding the loss which occurred at 4725 South Michigan Avenue. Consequently, defendant's waiver argument fails.

■ Reaching the merits of plaintiff's claim, it correctly asserts that when a complaint is founded on an exhibit and the exhibit is attached to the complaint, discrepancies or conflicts between the exhibit and the complaint are resolved so that the exhibit controls. (See, *e.g.*, *Evers v. Edward Hospital Association* (1993), 247 Ill. App. 3d 717, 724, 617 N.E.2d 1211, 1218, *appeal denied* (1993), 153 Ill. 2d 559, 624 N.E.2d 806; *McCormick v. McCormick* (1983), 118 Ill. App. 3d 455, 460, 455 N.E.2d 103, 108; *Katz v. Diabetes Association* (1975), 31 Ill. App. 3d 240, 243, 333 N.E.2d 293, 295; see also *Armstrong v. Douglas Park Building Association* (1898), 176 Ill. 298, 52 N.E. 886.) Plaintiff thus reasons that since the contract for roofing repair was attached to its third amended complaint, the terms of the contract control and the address stated in the contract was properly alleged.

Defendant contends that this principle does not apply because plaintiff's third amended complaint does not have a copy of the contract attached; it merely mentions the contract. A copy of the contract does not immediately follow the third amended complaint in the record. However, it is unclear whether the contract was actually attached. The supplemental record contains a June 27, 1994, trial court order stating that "[t]he exhibits hereto are true and accurate copies of the exhibits to the Pleadings and supporting Memorandum in this cause." Among those documents is a copy of the contract marked "Exhibit B." The third amended complaint indicates in paragraph 1 that plaintiff is the "owner of the claim and cause of action *** by reason of its payment under its policy *** and the taking of subrogation receipts therefore, copies of which are attached hereto as the Plaintiff's process Exhibit 'A' and made a part hereof." In paragraph 4 of the complaint, the contract is also identified as exhibit A. Plaintiff's post-trial motion stated that the contract was attached and incorporated into its complaint and added parenthetically, "[s]ee attached copy of Exhibit B." It may be that paragraph 4 of plaintiff's third amended complaint contained a typographical er-

ror, referring to the contract as exhibit A when it was actually exhibit B. It is also possible, as defendant asserts, that the contract was not attached to the complaint.

■ At any rate, defendant answered the third amended complaint by admitting the allegations in paragraph 4, which referred to the contract, and made no objection to the fact that the contract was not attached to the complaint. By answering and proceeding to trial, defendant waived objections to deficiencies in plaintiff's pleading which were curable by amendment. See *Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 572, 442 N.E.2d 648, 651; *Swift & Co. v. Dollahan* (1954), 2 Ill. App. 2d 574, 587, 120 N.E.2d 249, 255; see also *Champaign National Bank v. Illinois Power Co.* (1984), 125 Ill. App. 3d 424, 428-29, 465 N.E.2d 1016, 1019.

Moreover, as plaintiff asserts, defendant was bound by its admission of the allegations in paragraph 4 of plaintiff's complaint. (See *State Farm Mutual Automobile Insurance Co. v. Larsen* (1978), 62 Ill. App. 3d 1, 8, 377 N.E.2d 1218, 1221.) In *State Security Insurance Co. v. Linton* (1978), 67 Ill. App. 3d 480, 384 N.E.2d 718, the plaintiff's unverified complaint alleged that its insured had entered into a contract to perform certain wrecking and demolition work. In his unverified answer to plaintiff's declaratory judgment complaint, the insured admitted this allegation. The trial court subsequently found that the insured was not engaged in wrecking and demolition at the time a fire occurred at the work site. We observed that an admission in an unverified pleading signed by the party's attorney binds the client. We accordingly reversed the trial court, finding that the character of the work performed was removed as an issue when the insured admitted entering a contract to do wrecking and demolition work. *State Security*, 67 Ill. App. 3d at 484, 384 N.E.2d at 721-22.

Similarly, in the instant case, defendant's answer admitting that it entered into a contract for roofing services was conclusive as to that fact. The trial court thus erred in finding that damage to property at 4725 South Michigan Avenue was outside the scope of the issues framed by the complaint. That address was a term of the contract defendant admitted entering into with Thomas.[1]

■ Plaintiff next claims that the trial court erred in refusing to

[1]Defendant makes the erroneous assertion that the third amended complaint does not conflict with the contract because it refers to the Michigan Avenue address. However, the face of plaintiff's third amended complaint, like its earlier complaint, references only 7935 South Vernon Avenue as premises owned by plaintiff's subrogor. Had the complaint explicitly referred to 4725 South Michigan Avenue, the trial court's ruling that the exhibit was

allow it to amend its complaint to reflect the address where defendant performed the roofing work at issue. Plaintiff asserts that defendant was aware of the correct address for the site of the loss for almost five years prior to trial and, thus, would not suffer surprise or prejudice by the amendment. The supplemental record contains documents supporting this contention, including: a report by Technical Evaluation Consultants (TEC) on the cause of damage to Thomas' property at 4725 South Michigan dated February 22, 1988; a letter dated July 25, 1988, from defendant's attorney acknowledging that it had worked on the roof at 4725 Michigan Avenue, refuting TEC's report, and seeking to reach a settlement; repair estimates; a copy of the contract between defendant and Thomas; and a copy of Thomas' insurance policy.[2]

Section 2—616 of the Code of Civil Procedure provides that

"[a]t any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any party, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross claim." (735 ILCS 5/2—616(a) (West 1992).)

The trial court has broad discretion in determining whether to permit an amendment to the pleadings, and its ruling on the matter will not be disturbed on review absent an abuse of discretion. *Loyola Academy v. S&S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 273-74, 586 N.E.2d 1211, 1216.

---

irrelevant to the issues framed by the complaint would be inexplicable.

[2]Defendant argues that the documents in the supplemental record "were not offered or admitted at trial" and were improperly attached to plaintiff's post-trial motion. He therefore urges this court to refuse to consider them on appeal. As noted above, preceding the documents is an order stating that they are copies of exhibits to pleadings and supporting memorandum "in this cause." Since the documents support plaintiff's argument made orally at trial in support of its motion to amend its complaint, their inclusion in its post-trial motion and in the record was not improper. Moreover, there is no indication in the record that defendant objected to the inclusion of these documents in plaintiff's post-trial motion or in the supplemental record on appeal. Consequently, it has waived this belated claim of impropriety. See *Gillespie v. Chrysler Motors Corp.* (1990), 135 Ill. 2d 363, 374-77, 553 N.E.2d 291, 296-97; see also 3A C. Nichols, Illinois Civil Practice § 3843, at 490 (1988) (stating that oral and documentary evidence may be presented at a hearing on a post-trial motion).

Reviewing courts examine four factors when assessing the propriety of the trial court's ruling on a motion to amend: (1) whether the proposed amendment would cure the defect in the pleading; (2) whether other parties would be prejudiced or surprised by the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether the party seeking to amend had other opportunities to do so. (*Loyola Academy*, 146 Ill. 2d at 273, 586 N.E.2d at 1215-16; *Giacalone v. Chicago Park District* (1992), 231 Ill. App. 3d 639, 643, 596 N.E.2d 731, 733.) The trial court should freely exercise its discretion to allow amendments so that "a party may fully present its cause of action." (*Trident Industrial Products Corp. v. American National Bank & Trust Co.* (1986), 149 Ill. App. 3d 857, 866, 501 N.E.2d 273, 280.) However, once trial has begun, the judge should not ordinarily permit an amendment which raises new matters which were previously known to the pleader if no excuse is offered to explain the failure to assert them earlier. (See *Hall*, 152 Ill. App. 3d at 722-23, 504 N.E.2d at 785; *Blazina v. Blazina* (1976), 42 Ill. App. 3d 159, 165, 356 N.E.2d 164, 169.) A denial of leave to amend at the onset of trial is appropriate where the amendment is prejudicial or would change the nature and quality of the proof required to establish a defense. (*Blazina*, 42 Ill. App. 3d at 165, 356 N.E.2d at 169.) The overriding test in determining the propriety of the trial court's ruling is whether it had the effect of furthering the ends of justice. See *Trident*, 149 Ill. App. 3d at 866, 501 N.E.2d at 280.

With those principles in mind, it is clear that the trial court in the case at bar abused its discretion in refusing to allow plaintiff to amend its complaint. The amendment would have cured the defect in the complaint by adding the address for the site of the loss. Defendant would not have been surprised or prejudiced by the amendment. As noted above, it acknowledged its contract with plaintiff's subrogor as early as July 1991, nearly two years before trial commenced. (See *Wolf v. Meister-Neiberg, Inc.* (1991), 143 Ill. 2d 44, 570 N.E.2d 327 (holding that the slip-and-fall plaintiff could amend his complaint to change the location of the accident after the expiration of the statute of limitations since the defendant had notice of the correct location prior to the expiration of the limitations period).) While plaintiff ought to have ensured that its complaint adequately described the site of the occurrence long before trial, we do not find that its motion to amend, made immediately upon defendant's objection, was so untimely as to preclude amendment.

Of greatest import, the trial court's ruling effectively denied plaintiff an opportunity to fully present its case and defeated its cause of action. Given the fact that the amendment would not in any

50

way prejudice defendant or alter the nature and quality of the proof it would need to put forth to present its defense, the trial court erred by not permitting the amendment. Compare *Trident*, 149 Ill. App. 3d at 866-67, 501 N.E.2d at 280-81 (finding no abuse of discretion in the trial court's refusal to permit the plaintiff to file additional pleadings when they would require further discovery and would delay trial), with *Blazina*, 42 Ill. App. 3d at 165-66, 356 N.E.2d at 169-70 (finding error in the trial court's refusal to allow the plaintiff to amend her pleadings at trial to allege special equities, even though she knew of their existence when filing her complaint, since the defendant's knowledge of the facts relating to the special equities allayed any concern that he would suffer substantial prejudice by the amendment).

Based upon the foregoing, we hold that the trial court abused its discretion in refusing to permit plaintiff to amend its complaint to add the address where the alleged breach of contract occurred.

We therefore reverse and remand this cause for further proceedings consistent with the views expressed herein.

Reversed and remanded.

HARTMAN and McCORMICK, JJ., concur.