# Illinois Official Reports

## Appellate Court

---

*In re Marriage of Crecos*, 2015 IL App (1st) 132756

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF DIANA CRECOS, Petitioner-Appellant, and GREGORY CRECOS, Respondent-Appellee. |
| District & No. | First District, Second Division<br>Docket Nos. 1-13-2756, 1-13-3780, 1-14-0112 cons. |
| Filed | July 28, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-D-10902; the Hon. Raul Vega, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Litchfield Cavo LLP, of Chicago (James R. Branit, of counsel), for appellant.<br><br>Grund & Leavitt, P.C., of Chicago (Marvin J. Leavitt, David C. Adams, Jody Meyer Yazici, and Jamie R. Fisher, of counsel), for appellee. |

Panel

JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Presiding Justice Simon and Justice Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1    Diana Barr-Crecos (Diana) filed a petition to dissolve her marriage to Gregory Crecos (Gregory) on October 30, 2007. Judge Jeanne Reynolds entered a judgment of dissolution on December 24, 2009 dissolving the marriage. Gregory appealed and this court affirmed the 2009 judgment of dissolution. *In re Marriage of Crecos*, 2012 IL App (1st) 102158-U. During Gregory's appeal, the parties filed postdecree petitions, which were heard by Judge Raul Vega, a judge who was assigned to the case on July 15, 2010. Diana presented a motion for substitution of judge as of right, and Judge Vega denied the motion on July 27, 2010. At the conclusion of the parties' postdecree proceedings, Diana filed a notice of appeal on August 22, 2013 seeking review of all of the orders entered by Judge Vega. Supplementary proceedings (735 ILCS 5/2-1402 (West 2012)) were held and Judge Diann Marsalek entered a wage garnishment order on December 17, 2013. Diana timely filed another notice of appeal on December 23, 2013, seeking review of all of the orders entered by Judge Vega and Judge Marsalek.

¶ 2    We find that Diana's motion for substitution of judge as of right was filed before commencement of a trial or hearing on the merits and before Judge Vega made a substantial ruling so the circuit court erred when it denied the substitution motion. Therefore, we hold that the postdecree orders entered by Judge Vega after denying the substitution motion were void, and that the wage garnishment order entered by Judge Marsalek in the supplementary proceedings was also void because it was based on a void order entered by Judge Vega. *POM 1250 N. Milwaukee, LLC v. F.C.S.C., Inc.*, 2014 IL App (1st) 132098, ¶ 26. Accordingly, the orders entered by the circuit court in the postdecree proceedings and in the supplementary proceedings are reversed.

¶ 3                          BACKGROUND
¶ 4                    The Dissolution Proceedings
¶ 5    Diana filed a petition pursuant to the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq.* (West 2006)) (Act) to dissolve her marriage to Gregory on October 30, 2007. On September 10, 2009, the parties reached an oral agreement as to all of their personal property. On December 24, 2009, Judge Reynolds entered a final judgment dissolving the marriage. In the 2009 judgment of dissolution, Judge Reynolds classified and valued every item of real and personal property that Gregory and Diana had disclosed to the court. Judge Reynolds then allocated the property to the parties. Gregory appealed Judge Reynolds' decision on July 23, 2010, but this court affirmed the order granting the 2009 judgment of dissolution on July 23, 2012. *In re Marriage of Crecos*, 2012 IL App (1st) 102158-U.

¶ 6                                    Postdecree Proceedings

¶ 7          While Gregory's appeal was pending, Gregory and Diana filed postdecree petitions in the circuit court. The case was assigned to Judge Vega on July 15, 2010. That same day, Gregory filed a *pro se* "Emergency Verified Petition for Preliminary Injunction to Enforce Joint Parenting Agreement and to Preserve Status Quo." In his petition, Gregory sought to have the court enter an order mandating that his two daughters remain in the School of St. Mary's. In addition, he sought a preliminary injunction directing Diana to abide by the Joint Parenting Agreement and "(a) not make derogatory statements, ridicule, defame, and belittle Greg in the presence of the minor children or in any other way seek to undermine the *** children's love and respect for Greg; (b) not interrogate the children about their activities with their father; [and] (c) not prevent Greg from spending time with his children."

¶ 8          The next day, July 16, 2010, a hearing was held on Gregory's motion. At the hearing, Judge Vega entered an order which stated that Gregory's petition was "not an emergency" and which gave Diana "14 days to respond or otherwise plead" to Gregory's petition. The order also set Gregory's petition for hearing on August 11, 2010.

¶ 9          Before the August 11, 2010 hearing, but after Judge Vega entered the July 16, 2010 order, Diana filed a motion for substitution of judge as of right pursuant to section 2-1001 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1001(a)(2) (West 2010)). Judge Vega entered an order on Diana's motion on July 27, 2010, which stated that the "motion for substitution as of right is denied." The order did not delineate the court's reasons for the denial of Diana's motion.

¶ 10         On August 11, 2010, Gregory's new counsel filed a motion entitled "Emergency Motion for Entry of Order Pursuant to September 10, 2009 Ruling and for Turnover of Property." In this motion, Gregory alleged that Diana stole several items that were to be equally divided between the two parties and as a result, the original oral agreement of September 10, 2009 must be enforced. Gregory also requested that the circuit court award him several additional items of personal property that were not mentioned in the 2009 judgment of dissolution: a Steve Hudson painting, Andy Warhol prints, and several Salvador Dali prints.

¶ 11         Judge Vega entered an order on September 24, 2012, that *inter alia*, ordered Diana to return all items belonging to Gregory within 14 days, otherwise a $400,000 monetary judgment would be entered against her. On October 24, 2012, Gregory filed a motion to reconsider Judge Vega's September 24, 2012 order. On May 24, 2013, Judge Vega granted Gregory's motion to reconsider and entered a $746,000 money judgment against Diana. On June 4, 2013, Diana filed a motion to reconsider both the September 24, 2012 and May 24, 2013 orders. On July 26, 2013, Judge Vega denied Diana's motion to reconsider. On August 22, 2013, Diana filed a notice of appeal from Judge Vega's orders in the postdecree proceedings (appeal No. 13-2756). The notice was timely filed and sought review of the "September 24, 2013, May 24, 2013, and July 27, 2013" orders entered by Judge Vega.


¶ 12                                 The Supplementary Proceedings

¶ 13         On December 17, 2013, during the supplementary proceedings, Judge Marsalek entered a final judgment entitled "Wage Deduction/Turnover Order," which included Rule 304(a) language. Diana timely filed her notice of appeal on December 23, 2013, seeking review of

all of the orders addressing the postdecree proceedings before Judge Vega and the supplementary proceedings before Judge Marsalek (appeal No. 14-0122).

¶ 14                                ANALYSIS

¶ 15                                Jurisdiction

¶ 16    Before reaching the merits of this appeal, we must review the orders referenced in Diana's notice of appeal based on our independent duty to determine whether jurisdiction is proper. *Department of Central Management Services v. American Federation of State, County & Municipal Employees*, 182 Ill. 2d 234, 238 (1998). We note that on August 22, 2013, Diana filed her first notice of appeal seeking review of the "September 24, 2013, May 24, 2013, and July 27, 2013" orders entered by Judge Vega. Because Diana filed her notice of appeal on August 22, 2013, we find that she could not appeal from the order entered on September 24, 2013. In addition, we find that the record reveals the circuit court did not enter an order on July 27, 2013, but the record does reveal that the circuit court entered an order on July 26, 2013.

¶ 17    Here, we find that Diana made two scrivener's errors when she typed the incorrect dates of July 27, 2013 and September 24, 2013, when she should have referenced the September 24, 2012 and the July 26, 2013 orders in her notice of appeal. *Schaffner v. 514 West Grant Place Condominium Ass'n*, 324 Ill. App. 3d 1033, 1042 (2001); *State Security Insurance Co. v. Linton*, 67 Ill. App. 3d 480, 486 (1978) (the wrong date on a notice of appeal does not create a fatal defect when it is a typographical error). In *Schaffner*, this court defined a "scrivener" as a writer and a "scrivener's error" as a clerical error resulting from a minor mistake or inadvertence when writing or when copying something on the record, including typing an incorrect number. *Schaffner*, 324 Ill. App. 3d at 1042. Therefore, we find that the incorrect dates on Diana's August 22, 2013 notice of appeal were scrivener's errors that do not create a fatal defect. *Linton*, 67 Ill. App. 3d at 486.

¶ 18    We find that neither party is prejudiced by Diana's scrivener's errors. *Illinois Bell Telephone Co. v. Purex Corp.*, 90 Ill. App. 3d 690, 693 (1980); *Linton*, 67 Ill. App. 3d at 486. The scrivener's errors do not inhibit this court's ability to ascertain from the record that Diana is appealing from the September 24, 2012 and the July 26, 2013 orders. *Linton*, 67 Ill. App. 3d at 486. Accordingly, because the July 26, 2013 order was a final order (*Pottorf v. Clark*, 134 Ill. App. 3d 349, 351 (1985)), and because Diana's notice of appeal was filed within 30 days of the July 26, 2013 order, we have jurisdiction over appeal number 13-2756.

¶ 19                                The Record

¶ 20    Next, we address Gregory's argument that this court is unable to "properly consider" Diana's argument that her motion for substitution of judge as of right was timely because Diana has failed to meet her burden of presenting the court with a complete record. Specifically, Gregory argues that because the file stamped copy of Diana's motion for substitution of judge as of right was not dated prior to the entry of Judge Vega's order denying the motion, and because Diana did not submit a report of proceedings or bystander's report, this Court is left with an insufficient record. As a result of the insufficient record, Gregory argues that this Court is unable to review the case properly because we have "not

been given any of the argument on the substitution motion and/or any explanation of the trial court's ruling by Judge Vega."

¶ 21 Although there is no report of proceedings from the hearing on the motion, we find that Judge Vega's order denying the motion indicates that the substitution issue was raised, considered and ruled on by Judge Vega. See *Collins v. Hurst*, 316 Ill. App. 3d 171, 174 (2000). We note that an order denying a motion for substitution of judge as of right is reviewed *de novo*. *Schnepf v. Schnepf*, 2013 IL App (4th) 121142, ¶ 27. There is no evidence in the record that Judge Vega called witnesses and held an evidentiary hearing on the substitution motion. If no evidentiary hearing was held and the circuit court ruled on the substitution motion based on the pleadings, a report of proceedings or bystander's report are not required because the appellate court, on *de novo* review, reviews the same pleadings that were filed by the parties and reviewed by the circuit court. Therefore, since the motion for substitution of judge and the order denying that motion are included in the record and were the only pleadings considered by the circuit court, the appellate court has all the documents it needs to review the circuit court's order denying the motion for substitution. *Marx Transport, Inc. v. Air Express International Corp.*, 379 Ill. App. 3d 849, 853 (2008) (the failure to present a report of proceedings does not require a dismissal where issues can be resolved on the record as it stands).

¶ 22 Substitution of Judge

¶ 23 We now turn to the merits of the case and address whether Judge Vega's denial of Diana's motion for substitution of judge as of right was erroneous. Gregory argues that Diana's motion was not timely because: (1) Judge Vega made a substantial ruling prior to the presentation of the motion, and (2) Diana did not raise the motion at the earliest possible time.

¶ 24 In order to address Gregory's argument, we must examine the Code (735 ILCS 5/1-101 *et seq*. (West 2006)). Section 2-1001(a)(2) of the Code provides that a substitution of judge in a civil action may be had as of right in the following situation:

> "(2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).
>
> > (i) Each party shall be entitled to one substitution of judge without cause as a matter of right.
> >
> > (ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties." 735 ILCS 5/2-1001(a)(2)(i), (ii) (West 2006).

¶ 25 A motion is timely and *shall be* granted, according to the statute, provided that the motion is presented before a hearing begins and provided that the Judge *to whom it is presented* has not made any substantial rulings. 735 ILCS 5/2-1001(a)(2)(i), (ii) (West 2006). A ruling is considered substantial when it relates directly to the merits of the case. *Nasrallah v. Davilla*, 326 Ill. App. 3d 1036, 1039-40 (2001).

¶ 26 Judge Vega was assigned to the case on July 15, 2010, and Gregory filed his emergency motion on that same day. Gregory requested the following relief from Judge Vega in his

emergency motion: (1) that his children remain in the School of St. Mary's; (2) that Diana refrain from making disparaging remarks to the children about Gregory or undermining the children's love for Gregory; (3) that Diana no longer question the children about their interactions with Gregory; and (4) that Diana refrain from interfering with Gregory's ability to spend time with his children. On July 16, 2010, Judge Vega entered an order stating that the motion was "not an emergency" and set a briefing schedule without commencing a trial or hearing on the merits or expressing his opinion on the relief prayed for in Gregory's motion. An order which sets a briefing schedule or a hearing date is not a substantial ruling because it is not directly related to the merits of the case. *Chicago Transparent Products, Inc. v. American National Bank & Trust Co. of Chicago*, 337 Ill. App. 3d 931, 943 (2002). Therefore, because Judge Vega set a briefing schedule but never held a trial or hearing and never expressed his opinion on the relief prayed for in Gregory's motion, Judge Vega made no substantial ruling on the merits of the motion. *Chicago Transparent Products*, 337 Ill. App. 3d at 943; *Nasrallah*, 326 Ill. App. 3d at 1039-40.

¶ 27    The Illinois Supreme Court was presented with a set of facts similar to the facts in this case in *In re Marriage of Kozloff*, 101 Ill. 2d 526 (1984). In *Kozloff*, the Illinois Supreme Court held:

> "It follows that a judge's substantive ruling during the dissolution proceeding will preclude a change of venue[1] as of right on a post decree petition before that same judge. As sometimes occurs, however, the judge assigned to hear a post decree petition or motion may not be the same judge who presided at the dissolution proceeding, or different judges may hear different post decree matters at different times. Section 2-1001(c) of the Code of Civil Procedure provides that a motion for change of venue will be allowed unless 'the judge to whom it is presented has ruled on any substantial issue in the case.' [Citation.] Thus, the assignment of a different judge at any point in the proceedings entitles the parties to a change of venue as of right if that judge has not made a substantial ruling in the case." (Emphasis omitted.) *Kozloff*, 101 Ill. 2d at 532.

Because Judge Vega was assigned to the case during the postdecree proceedings and because he had not commenced a trial or a hearing or made a substantial ruling prior to the time Diana filed her motion for substitution of judge as of right, we find that Diana was entitled to a new judge and we hold that the circuit court erred by denying Diana's motion.

¶ 28    The Illinois Supreme Court has also held that "[w]here a petition for change of venue is timely filed and in proper form, it must be granted and any order entered after its presentation is a nullity." *In re Dominique F.*, 145 Ill. 2d 311, 324 (1991). Therefore, *all* orders entered by Judge Vega subsequent to the July 27, 2010 order denying Diana's motion for substitution of judge as of right are void. *In re Dominique F.*, 145 Ill. 2d at 324; *POM 1250 N. Milwaukee*, 2014 IL App (1st) 132098, ¶ 26. Accordingly, the circuit court's orders entered for Gregory and against Diana, subsequent to July 27, 2010, are reversed.

---

[1]Under the prior version of the statute, which came into effect on January 1, 1993, Pub. Act 87-949 (eff. Jan. 1, 1993) (now 735 ILCS 5/2-1001, 2-1001.5 (West 2000)), a substitution of judge and a substitution of county were both referred to as "change of venue." *Schnepf*, 2013 IL App (4th) 121142, ¶ 42.

Because all orders filed after Judge Vega denied Diana's motion for substitution are void, we do not reach the remaining issues on appeal because they are based on a void order. *In re Dominique F.*, 145 Ill. 2d at 324.

¶ 29                                         CONCLUSION

¶ 30       When a case is assigned to another judge for postdecree proceedings and a party files a motion for substitution of judge as of right before the assigned judge has held a trial or a hearing or made a substantial ruling, it is error for the circuit court to deny the moving party's motion. In addition, all subsequent orders entered after the erroneous denial of the motion for substitution of judge as of right are void. Accordingly, we reverse the orders entered by the circuit court.

¶ 31       Reversed and remanded.