*In re* T.W., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. T.W., Respondent-Appellant).

Second District    No. 2—93—0645

Opinion filed August 23, 1994.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:
Respondent, T.W., appeals the order of the circuit court of

Du Page County imposing upon him one year of supervision with conditions. The court imposed supervision following respondent's admission to the allegations in a petition for adjudication on a charge of burglary (720 ILCS 5/19—1 (West 1992)).

One of the conditions of this supervision was that respondent pay his share of restitution. The $700 total restitution included $160 for security lights installed by the victims after the burglary. Respondent contends that he cannot be made to pay for these lights as restitution. We agree and therefore modify the order as to the amount of restitution.

■ The State contends initially that this court lacks jurisdiction to entertain this appeal, asserting that the imposition of conditional supervision is not final and appealable. We disagree. We have previously heard an appeal from a restitution order entered as conditions of a minor's supervision. (*In re D.R.* (1991), 219 Ill. App. 3d 13.) Thus, we address the merits of respondent's contention.

■ Section 5—5—6(a) of the Unified Code of Corrections provides that a court may order restitution "for out-of-pocket expenses, damages, losses, or injuries" sustained by victims of a crime. (730 ILCS 5/5—5—6(a) (West 1992).) The statute does not provide for reimbursement of the cost of security measures added by a victim following the commission of an offense.

The State argues that an intent to include such expenses in the term "restitution" may be inferred from paragraph (g) of the restitution statute, which provides that sex offenders may be made to pay therapy expenses of their victims. (730 ILCS 5/5—5—6(g) (West 1992).) We disagree. Therapy for victims of sex offenses is a permitted restitution item; security devices for burglary victims are not.

The trial court abused its discretion in ordering respondent to pay for the security lights installed by the victims, because such expenses are not compensable by restitution. We therefore modify the restitution order, per our authority under Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), and reduce the amount of restitution from $700 to $540.

Affirmed as modified.

McLAREN and GEIGER, JJ., concur.