Rule 23 order filed
July 14, 2010;
Motion to publish granted
August 20, 2010.

NO. 5-08-0560

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* SHATAVIA S., an Alleged Delinquent Minor | ) Appeal from the |
| | ) Circuit Court of |
| | ) Madison County. |
| (The People of the State of Illinois, | ) |
| | ) |
|    Petitioner-Appellee, | ) |
| | ) |
| v. | ) No. 07-JD-105 |
| | ) |
| Shatavia S., | ) Honorable |
| | ) Duane L. Bailey, |
|    Respondent-Appellant). | ) Judge, presiding. |

_____

JUSTICE STEWART delivered the opinion of the court:

Shatavia S., a minor, was placed on court supervision by the circuit court of Madison County, Illinois, after being charged with criminal damage to property (720 ILCS 5/21-1(a) (West 2006)) and resisting a peace officer (720 ILCS 5/31-1(a) (West 2006)), both Class A misdemeanors. Based on the terms of supervision, the juvenile was ordered to pay restitution and perform community service along with other various obligations. After a restitution hearing, the juvenile was ordered to pay restitution in the amount of $659.38. The juvenile then moved for the court to reconsider the restitution order, arguing that there was no factual or evidentiary basis to establish that the juvenile caused the $266.50 damage to the victim's windshield. The circuit court denied the juvenile's motion, and the juvenile appealed. We affirm the trial court's findings.

BACKGROUND

On February 23, 2007, the juvenile was charged in a juvenile proceeding with criminal damage to property and resisting a peace officer. The State alleged that she threw rocks at

1

a vehicle owned by Joyce Vaughn and that she pulled away from a police officer. On August 9, 2007, the juvenile agreed to be placed on one year of court supervision in return for an admission that she "threw a rock" at the victim's vehicle.

Under the terms of the supervision agreement, the juvenile was ordered to comply with a number of obligations, including paying restitution to the victim. On May 6, 2008, a restitution hearing was held, and the circuit court ordered the juvenile to pay $659.38 and to perform 33 hours of community service. The restitution amount was based on the estimates for repairs to the rear quarter panel and front windshield on the victim's vehicle, estimates that the State introduced into evidence at the hearing. The estimate for the windshield repair totaled $266.50, and the estimate for the quarter-panel repair amounted to $392.88.

The juvenile objected to the $266.50 estimate for the repair of the victim's windshield on the basis that the juvenile only admitted to throwing a single rock and that none of the other court documents suggested that she had damaged the windshield. The State, however, introduced an affidavit signed by the victim stating that the damages to the windshield and to the quarter panel had been caused by the juvenile's alleged actions. Additionally, the State introduced estimates from Ziebart Speedy Auto Glass for the windshield damage and from Collision Plus of Glen Carbon, Inc., for the rear quarter-panel damage to the vehicle as evidence at the restitution hearing. The juvenile then attempted to rebut the State's evidence by offering the juvenile's testimony that she never threw a rock at the victim's vehicle. The circuit court subsequently found that the juvenile was responsible for the damage to the vehicle and ordered the juvenile to pay $659.38 in restitution. The juvenile then timely moved for a reconsideration of the restitution order, but the circuit court denied the motion. The juvenile appealed.

2

DISCUSSION

On appeal, the juvenile argues that the trial court abused its discretion when it ordered her to pay $266.50 in restitution for damage to the victim's windshield based only on an affidavit and estimates provided by the victim. The State, however, contends that, since the case was continued under supervision, there is no final order from which the juvenile can appeal. Therefore, the State concludes, this court does not have proper appellate jurisdiction to review the trial court's restitution order. We disagree with the State's contention that we lack jurisdiction over the terms of the juvenile's supervision. On the merits, we find that the trial court did not abuse its discretion by ordering the juvenile to pay restitution based on the evidence that was presented at the restitution hearing.

Under section 5-615(1) of the Juvenile Court Act of 1987 (705 ILCS 405/5-615(1) (West 2006)), if a minor admits or stipulates to the facts supporting a delinquency petition, the court may enter an order for supervision for certain offenses. By granting supervision, the case will be continued for a period of no longer than two years. 705 ILCS 405/5-615(4) (West 2006). In arguing that this court lacks appellate jurisdiction over the juvenile's appeal in the present case, the State cites Illinois Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)), along with a number of cases that support the interpretation that Rule 604(d) requires a final dispositive order on guilt before a juvenile can appeal. See *People ex rel. Devine v. Stralka*, 226 Ill. 2d 445, 456-57 (2007); *In re J.N.*, 91 Ill. 2d 122, 125-29 (1982); *In re A.M.*, 94 Ill. App. 3d 86, 87-89 (1981).

The State is correct in its interpretation of Rule 604(d); however, all of the cases that the State cites on the issue of jurisdiction are cases involving appeals from the determination of guilt or delinquency. See *Stralka*, 226 Ill. 2d at 456; *In re J.N.*, 91 Ill. 2d at 124; *In re A.M.*, 94 Ill. App. 3d at 87. The rationale for denying appellate jurisdiction under Rule 604(d) is the language of the rule: "[b]ecause the rule refers to an appeal from a judgment

3

and judgment is not entered when supervision is ordered." *People v. Johnson*, 174 Ill. App. 3d 812, 814 (1988). "A defendant cannot ask to vacate a judgment when none exists." *Johnson*, 174 Ill. App. 3d at 814. Yet, the juvenile in the present case is not appealing the determination of delinquency but is instead appealing the conditions of her supervision. Given this, we hold that Rule 604(d) does not apply to the present case, and we find the proper authority for this appeal under Illinois Supreme Court Rule 604(b) (210 Ill. 2d R. 604(b)).

Rule 604(b) states as follows:

"A defendant who has been placed under supervision or found guilty and sentenced to probation or conditional discharge (see [sections 5-6-1 through 5-6-4 of the Unified Code of Corrections (730 ILCS 5/5-6-1 through 5-6-4 (West 2008))]), or to periodic imprisonment (see [sections 5-7-1 through 5-7-8 of the Unified Code of Corrections (730 ILCS 5/5-7-1 through 5-7-8 (West 2008))]), may appeal from the judgment and may seek review of the conditions of supervision, or of the finding of guilt or the conditions of the sentence, or both. He or she may also appeal from an order modifying the conditions of or revoking such an order or sentence." 210 Ill. 2d R. 604(b).

This rule has been found to confer jurisdiction to the appellate courts to review the terms and conditions of supervision in criminal cases. *Johnson*, 174 Ill. App. 3d at 814. More specifically, the authority to review restitution orders as a part of the conditions of a minor's supervision has also been recognized. *In re T.W.*, 268 Ill. App. 3d 744, 745 (1994). Therefore, since it can be concluded that we have the authority to review this case, then we will next turn our analysis to the merits of the present case.

The juvenile contends that the order requiring her to pay restitution for the victim's windshield was an abuse of discretion by the trial judge, maintaining that there was no

4

factual or evidentiary basis to establish that the damage was the proximate result of her actions. Under Illinois law, trial courts are authorized to order restitution in any criminal case, including cases where the juvenile has been placed on probation or court supervision. 730 ILCS 5/5-5-6, 5-6-3(b)(8) (West 2006). Courts may impose such restitution on a juvenile "for out-of-pocket expenses, damages, losses, or injuries found to have been proximately caused by the conduct of the defendant." 730 ILCS 5/5-5-6(a) (West 2006). Thus, it is in the sound discretion of the trial judge whether to order restitution in a criminal case, as long as the restitution relates to the actions for which the juvenile has been charged. *People v. Fontana*, 251 Ill. App. 3d 694, 705 (1993).

Given that it is within the discretion of the trial judge whether to order restitution in a particular case, we will only overturn a trial court's ruling if it was an abuse of that discretion. *People v. Perruquet*, 68 Ill. 2d 149, 153 (1977). Such an abuse only occurs "where no reasonable person would take the view adopted by the court." *In re Marriage of DeRossett*, 173 Ill. 2d 416, 422 (1996). We give great deference to a trial judge's ruling in sentencing or restitution matters because the trial judge is in the best position to determine what punishment should be imposed in a particular case. *In re M.Z.*, 296 Ill. App. 3d 669, 674, 695 N.E.2d 587, 591 (1998); *Perruquet*, 68 Ill. 2d at 154. Therefore, we will only reverse the trial court's restitution order in the present case if there was no factual or evidentiary basis supporting its finding that the damage to the windshield was caused by the juvenile's actions. After reviewing the record in the present case, we find that there was sufficient evidence presented during the restitution hearing to support the court's determination that the damage done to the windshield was the result of the juvenile's actions.

In the present case, the State presented an affidavit from the victim, along with two estimates for the damage caused to the victim's vehicle, as evidence at the juvenile's restitution hearing. The affidavit introduced by the State specifically stated that the victim's

5

vehicle sustained damage through "chips to [the] front windshield and paint damage/chips to right rear side of the vehicle," as a result of the juvenile's actions. The affidavit also stated that the victim took the vehicle to Ziebart Speedy Auto Glass in Edwardsville, Illinois, for an estimate to repair the windshield and to Collision Plus of Glen Carbon, Inc., for an estimate to repair the damage to the body of the vehicle. Both of these estimates were entered into evidence during the restitution hearing and appear in the record. The estimate from Ziebart Speedy Auto Glass was for $266.50 for glass replacement on a 1998 Ford Mustang, and the estimate from Collision Plus of Glen Carbon, Inc., was for $392.88 to repair five chips on a rear quarter panel of a 1998 Ford Mustang. The total of these two estimates was $659.38, the same amount that the court ordered the juvenile to pay in restitution.

It was then up to the juvenile to come forth with her own evidence to persuade the court to rule in her favor. The juvenile attempted to rebut the State's evidence with her own testimony. The juvenile testified that she never saw the vehicle after the incident and that she did not throw rocks at "no car." Given this testimony, which conflicted with the juvenile's own previous admission, we do not find that the evidence presented was so overwhelmingly in favor of the juvenile that no reasonable person would have ruled as the court did. Therefore, we hold that the trial court did not abuse its discretion by ordering the juvenile to pay $266.50 for the replacement of the victim's windshield. Accordingly, we affirm the lower court's ruling.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's determination of restitution.


Affirmed.

GOLDENHERSH, P.J., and WEXSTTEN, J., concur.

NO. 5-08-0560

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* SHATAVIA S., an Alleged Delinquent Minor | ) | Appeal from the Circuit Court of Madison County. |
| (The People of the State of Illinois, | ) | |
| Petitioner-Appellee, | ) | |
| v. | ) | No. 07-JD-105 |
| Shatavia S., | ) | Honorable Duane L. Bailey, |
| Respondent-Appellant). | ) | Judge, presiding. |

**Rule 23 Order Filed:** July 14, 2010
**Motion to Publish Granted:** August 20, 2010
**Opinion Filed:** August 20, 2010

---

**Justices:** Honorable Bruce D. Stewart, J.

Honorable Richard P. Goldenhersh, P.J., and
Honorable James M. Wexstten, J.,
Concur

---

**Attorneys for Appellant**   Michael J. Pelletier, State Appellate Defender, Johannah B. Weber, Deputy Defender, Paige Clark Strawn, Assistant Appellate Defender, Office of the State Appellate Defender, 117 N. Tenth Street, Suite 300, Mt. Vernon, IL 62864

---

**Attorneys for Appellee**   Hon. William A. Mudge, State's Attorney, Madison County Courthouse, 157 N. Main Street, Edwardsville, IL 62025, Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Rebecca E. McCormick, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864