# Illinois Official Reports

## Appellate Court

---

**In re Henry B., 2015 IL App (1st) 142416**

---

| | |
|---|---|
| Appellate Court Caption | *In re* HENRY B., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Henry B., Respondent-Appellant). |
| District & No. | First District, Fifth Division<br>Docket No. 1-14-2416 |
| Filed | January 26, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An appeal by a juvenile respondent from the order of supervision entered under section 5-615 of the Juvenile Court Act following respondent's trial on a petition for adjudication of wardship alleging that he committed an aggravated battery on another youth on a public way in violation of section 12-3.05(c) of the Criminal Code and a battery causing bodily harm in violation of section 12-3(a)(1) of the Code was dismissed for lack of jurisdiction, since the Illinois Supreme Court rules governing juvenile delinquency proceedings do not provide for appellate review of an interlocutory order in a case that has been continued under supervision. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-JD-50162; the Hon. Richard Walsh, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on
Appeal

Thomas A. Gibbons, of Palos Park, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins, and Veronica Calderon Malavia, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Presiding Justice Palmer and Justice Gordon concurred in the judgment and opinion.

## OPINION

¶ 1   In this appeal, we consider whether an order of supervision entered pursuant to section 5-615 of the Juvenile Court Act of 1987 (705 ILCS 405/5-615 *et seq.* (West 2012)) after the minor respondent's trial is appealable.

¶ 2   The State's petition for adjudication of wardship alleged that 12-year-old respondent, Henry B., committed an aggravated battery upon Nicholas B. on a public way in violation of section 12-3.05(c) of the Criminal Code of 2012 (Code) (720 ILCS 5/12-3.05(c) (West 2012)) and committed a battery causing bodily harm to Nicholas B. in violation of section of 12-3(a)(1) of the Code (720 ILCS 5/12-3(a)(1) (West 2012)). Following a bench trial, the juvenile court judge directed a finding on the aggravated battery, entered a finding of guilty on battery, and continued the case under an order of supervision for a period of six months.

¶ 3   On appeal, the minor seeks a reversal of the juvenile court's order of supervision arguing that the State failed to prove battery beyond a reasonable doubt. Respondent contends the victim suffered no physical pain or injury as a result of the minor's conduct.

¶ 4   The State responds that Illinois Supreme Court rules governing juvenile delinquency proceedings do not provide for appellate review of an interlocutory order in a case that has been continued under supervision. The State argues we lack jurisdiction over the respondent's appeal. We agree and, for the reasons that follow, dismiss respondent's appeal.

¶ 5                                    BACKGROUND

¶ 6   The testimony presented at respondent's trial disclosed the following.

¶ 7   Nicholas B., the victim, testified that on August 11, 2013, at about 6:30 p.m., he was riding his bike in a park near his home. A young boy named Jason G.[1] approached Nicholas, pushed him off his bike, kicked him, and punched Nicholas in the stomach, chest, head, and back.

---

[1]Jason G., also referred to in the record as Jamison, was a co-offender, minor respondent who was tried separately and is not involved in this appeal.

¶ 8 Nicholas got back on his bike and was starting to ride away when Jason G. caught up with him and blocked his path. At this point, Jason G. called out to respondent Henry B. Nicholas identified Henry in court, knew Henry from school, and before this day had no prior problems with Henry.

¶ 9 Henry grabbed the handlebars of Nicholas's bicycle. Henry accused Nicholas of making some racist remarks about Henry, which Nicholas denied. Jason also accused Nicholas of saying something about Jason's mother.

¶ 10 Nicholas moved away from the two boys, but Henry grabbed the handlebars of Nicholas's bike and Nicholas "flew off" the bike and landed "pretty hard" on his hands. Both respondent and Jason were laughing at Nicholas after Nicholas fell to the ground. He was able to get up, but his bike did not work after that. Nicholas managed to walk the bike back to his home and told his mother what had happened at the park.

¶ 11 Nicholas complained of having headaches and bruises on his chest and stomach after the incident. Nicholas also said his ears started ringing after the attack. Nicholas identified photos of his injuries but testified that Henry did not cause them.

¶ 12 Derrick Egan testified that he saw Nicholas being restrained on his bike by two young boys at the park.

¶ 13 Egan's daughter, Miranda, also testified that she saw Henry and another boy pulling at Nicholas and his bike as Nicholas tried to free himself.

¶ 14 Nicholas's mother testified that her son came home crying after the incident and that he was suffering from an asthma attack. She gave him medication and an inhaler in order to get his asthma under control. Nicholas's mother also identified photographs of her son's injuries. She brought her son to the police station to report what had happened.

¶ 15 The photographs, identified in court, showed scratches and bruising to Nicholas's face, bruising to Nicholas's shoulder, and that his kneecap was swollen and red. The photos also depicted Nicholas's back area around his kidney, which was swollen, red, and cut; and Nicholas's chest and neck area, which were also swollen, bruised, and red.

¶ 16 Another witness, Christina Egan, did not see respondent hit Nicholas, but she saw Henry physically touch Nicholas, grab him, trying to get Nicholas off his bike. Christina also heard respondent tell the other boy to go after Nicholas and she saw respondent run after Nicholas.

¶ 17 The respondent's motion for a directed finding was granted as to the aggravated battery offense but denied as to the battery charge. No defense evidence was presented and the trial court found respondent guilty of battery.

¶ 18 At the sentencing hearing, the parties waived the social investigation report. Respondent's attorney requested supervision, pointing out that respondent had no other contacts with the court, was a good student, and volunteered at church. The State asked for probation based upon the nature of the attack and what it argued was respondent's anger management issues. The juvenile court's sentencing order did *not* enter either a finding of guilty or any judgment. The judge continued the case under supervision pursuant to section 5-615(1)(b) of the Juvenile Court Act (705 ILCS 405/5-615(1)(b) (West 2012)) for a period of six months with certain conditions, including participation in counseling as needed and compliance with a previously entered restraining order.

¶ 19 It is from this order of supervision that respondent appeals.

ANALYSIS

In general, the appellate court has jurisdiction to review appeals from final judgments and does not have jurisdiction to review an interlocutory order, unless jurisdiction is specifically provided for by supreme court rule. *In re J.N.*, 91 Ill. 2d 122, 126 (1982); *In re A.M.*, 94 Ill. App. 3d 86, 88 (1981).

Two supreme court rules provide for appeals in juvenile delinquency proceedings: Rule 660(a) (Ill. S. Ct. R. 660(a) (eff. Oct. 1, 2001)) and Rule 662 (Ill. S. Ct. R. 662 (eff. Oct. 1, 1975)).

Rule 660(a) deals with final judgments and provides that in juvenile delinquency proceedings "[a]ppeals from final judgments *** shall be governed by the rules applicable to criminal cases," except where otherwise specifically provided. Ill. S. Ct. R. 660(a).

Rule 662 specifically provides for interlocutory appeals in delinquency proceedings, but only under limited circumstances–when a dispositional order had not been entered within 90 days from either an adjudication of wardship or a revocation of probation or conditional discharge. See Ill. S. Ct. R. 662; *In re Olivia C.*, 371 Ill. App. 3d 473, 475 (2007); *In re Hershberger*, 132 Ill. App. 3d 332, 334 (1985). Respondent does not contend that Rule 662 is applicable.

Although the plain language of Rule 660(a) expressly incorporates the criminal appeal rules to delinquency proceedings, it does so only as to final judgments. *In re B.C.P.*, 2013 IL 113908, ¶ 5.

Respondent contends that the order of supervision is a final judgment and therefore appealable.

Here, however, the juvenile court judge's order continuing the case for supervision contained no finding of guilty and no judgment order. It specifically states: "No finding of guilty or judgment entered." Under these circumstances, we conclude that there is no final judgment. See *Kirwan v. Welch*, 133 Ill. 2d 163, 167 (1989) ("a disposition of supervision is not a final judgment," because "supervision does not dispose of the proceedings on the underlying offense but merely defers the proceedings until the conclusion of the period of supervision"); *In re A.M.*, 94 Ill. App. 3d at 89-90 (holding that an order of supervision of a minor was a continuance of the cause and did not finally dispose of the delinquency petition on the merits and was not subject to appellate review).

*People ex rel. Devine v. Stralka*, 226 Ill. 2d 445 (2007), a decision upon which respondent relies, does not support his claim. In *Stralka*, the supreme court questioned the propriety of a trial judge's vacatur of its previously entered finding of delinquency and dispositional order of probation. *Id.* at 456. That appeal actually involved the review of a final judgment. Because the order of supervision entered in this case is not a final judgment, Rule 660(a) does not confer this court with jurisdiction.

Respondent further argues that jurisdiction lies with this court under Rule 604(b) (Ill. S. Ct. R. 604(b) (eff. Feb. 6, 2013)).

Rule 604(b) provides: "A defendant who has been placed under supervision or found guilty and sentenced to probation or conditional discharge (see 730 ILCS 5/5-6-1 through 5-6-4), or to periodic imprisonment (see 730 ILCS 5/5-7-1 through 5-7-8), may appeal from the judgment and may seek review of the conditions of supervision, or of the finding of guilt

or the conditions of the sentence, or both. He or she may also appeal from an order modifying the conditions of or revoking such an order or sentence." Ill. S. Ct. R. 604(b).

¶ 31 Contrary to respondent's claim, we find that Rule 604(b) by its own terms is not applicable to juvenile delinquency proceedings, but applies only when a sentence of supervision is entered under the adult criminal code. 730 ILCS 5/5-6-1 to 5-6-4 (West 2012). As outlined above, Rule 604(b) only addresses a supervision order entered in a criminal case pursuant to section 5-6-1 of the Unified Code of Corrections (730 ILCS 5/5-6-1(c) (West 2012)).

¶ 32 Moreover, although Rule 660(a) provides that in delinquency proceedings, "[a]ppeals from final judgments *** shall be governed by the rules applicable to criminal cases" (Ill. S. Ct. R. 660(a)), we conclude it does not incorporate Rule 604(b), where the rule outlines appeals from orders of supervision which are interlocutory in nature. Therefore, Rule 604(b) does not apply to the supervision order entered here.

¶ 33 Rule 604(b) does not apply for another reason. The rule as written does not allow for appellate review of a guilty finding under an order of supervision, but only a review of the "conditions of supervision." Ill. S. Ct. R. 604(b). Although the rule allows for a review of the finding of guilty or "conditions of the sentence, or both," this particular language is clearly limited to sentences of probation or conditional discharge where there is a finding of guilty and judgment entered, but not orders of supervision. Ill. S. Ct. R. 604(b).

¶ 34 To the extent respondent relies upon *In re Shatavia S.*, 403 Ill. App. 3d 414 (2010), *In re T.W.*, 268 Ill. App. 3d 744 (1994), and *In re D.R.*, 219 Ill. App. 3d 13 (1991), we note that each of those decisions involved the review of a condition of supervision, not a finding of guilty. See *People v. Johnson*, 174 Ill. App. 3d 812, 814 (1988) (finding appellate court had jurisdiction to review a condition of supervision under Rule 604(b)).

¶ 35 The instant case concerns respondent's attempt to appeal a finding of guilty, not a condition of the supervision, which finding was in fact never entered by the juvenile court judge. We need not decide the correctness of the appellate review of a minor respondent's challenge to the "conditions of supervision" under Rule 604(b) because that issue is not before us. We observe though that the court in *In re Shatavia S.*, 403 Ill. App. 3d at 417, limited its review to the "conditions" of an order of supervision, specifically an order requiring the respondent to pay restitution. The reviewing court was careful to point out that it was not reviewing a finding of guilty. *Id.*

¶ 36 Respondent also argues that the continuance of the case under supervision was a finding of delinquency, it disposed of the respondent's case on the merits, it could have serious adverse consequences on the minor in the future and would otherwise preclude any minor "from ever obtaining review of a decision finding him or her guilty of a criminal offense following a trial on the merits."

¶ 37 We are not persuaded by these arguments because there has been no finding of delinquency, there has been no finding of guilty of a criminal offense, and no judgment was entered. See *In re A.M.*, 94 Ill. App. 3d at 88 (an order of supervision is merely a continuance of the proceedings upon prescribed conditions, it is an order entered without an adjudication of delinquency or wardship, and the order does not dispose of the merits of the State's petition).

¶ 38    Finally, we point out that the nature of a supervision order is well established. In *Welch*, the supreme court observed:

> "When a defendant is placed on supervision, judgment on the charges and all further proceedings are deferred until the conclusion of the period of supervision. [Citation.] If the defendant successfully completes his supervision, the defendant is discharged and a judgment dismissing the charges is entered. [Citation.] A discharge and dismissal upon a successful conclusion of supervision is without an adjudication of guilt and does not result in a conviction for purposes of disqualification or disabilities imposed by law." *Welch*, 133 Ill. 2d at 166.

¶ 39    As an appellate court, we are bound to follow the Illinois Supreme Court rules as written, and only the Illinois Supreme Court has the constitutional power to modify the rules if it sees fit. See *In re B.C.P.*, 2013 IL 113908, ¶ 1 (the supreme court, under its constitutional powers, modified its rules so as to allow the State to appeal an interlocutory order granting a motion to suppress). Applying the rules as written, we conclude the order of supervision entered in the juvenile proceedings is not appealable.

¶ 40                                    CONCLUSION

¶ 41    Based upon the above analysis, we find minor respondent may not bring an appeal challenging the issue of proof beyond a reasonable doubt after an order of supervision has been entered in a delinquency proceeding. The appeal must be dismissed for lack of this court's jurisdiction.

¶ 42    Appeal dismissed.