2024 IL App (1st) 231265-U

SECOND DIVISION
August 16, 2024

No. 1-23-1265

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 98CR10583 |
| | ) | |
| LAFAYETTE WATTS, | ) | Honorable |
| | ) | William H. Hooks, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Justices Ellis and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held:*    Trial court erred in granting defendant's 2-1401 petition where defendant's claim was nonmeritorious and barred by *res judicata*.

¶ 2    Defendant, LaFayette Watts, was charged with the 1998 first-degree murder of his girlfriend, Shanelle Jackson, and the attempted first-degree murder and aggravated battery of Shanelle's nine-year old son, Stephon Thompson. Defendant was convicted of all charges after a 1999 bench trial. The evidence presented at trial related to those offenses was extensively set out in the direct appeal, and this court will repeat the evidence below only so far as it is relevant to the resolution of this appeal. After defendant's trial, the circuit court sentenced defendant to an

extended term of 90 years' imprisonment for his first-degree murder conviction—finding his conduct to be brutal, heinous, and indicative of wanton cruelty—and 30 years imprisonment for attempted first-degree murder, to be served concurrently.

¶ 3     On direct appeal, defendant argued, among other things, that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Initially, this court affirmed defendant's convictions but remanded for resentencing, finding the extended term to be unconstitutional. *People v. Watts*, No. 1-99-3357 (unpublished order under Supreme Court Rule 23). Thereafter, the supreme court entered supervisory orders instructing this court to vacate the judgment and reconsider the appeal in light of *People v. Swift*, 202 Ill. 2d 378 (2002) (Under *Apprendi*, facts enhancing a sentence for first degree murder above the sentencing range must be found by a jury beyond a reasonable doubt); *People v. Thurow*, 203 Ill. 2d 352 (2003) (finding an *Apprendi* violation subject to harmless error review); and *People v. Crespo*, 203 Ill. 2d 335 (2001) (when a defendant does not raise an *Apprendi* objection at the time of trial, the court should apply a plain error test, under which the conviction and sentence would stand unless the defendant showed the error was prejudicial.).

¶ 4     After reconsidering, this court affirmed defendant's convictions and sentences on December 17, 2003, finding that there had been an *Apprendi* violation, but that defendant had not challenged the constitutionality of his sentence in the trial court, and that there was no plain error. *People v. Watts*, No. 1-99-3357 (2003) (unpublished order under Illinois Supreme Court Rule 23). Specifically, this court found no prejudice where there was overwhelming evidence that the crime committed by defendant was brutal and heinous. The court explained that the forensic evidence

"established that Shanelle had 17 different injuries, including multiple stab wounds and defens[iv]e wounds to her hands probably inflicted by the bloody 12 ½ inch knife found at the scene. The most egregious injury was a gaping scalp wound through which Shanelle's visibly mashed brain could be seen. Investigators found 'blood all through' Shanelle's apartment and on the walls and pieces of human skull and brain matter scattered around her body, indicative of the extreme brutality and force defendant used when he smashed her head with a baseball bat."

¶ 5 Based on the above evidence, the court found that "[c]learly, any jury" presented with such evidence would have made the same findings as the trial judge.

¶ 6 On March 17, 2016, almost 17 years after defendant's convictions, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Illinois Code of Civil Procedure (Code). Defendant alleged, among other things, that his extended sentence was void because it violated his due process rights where the trial court based it on a finding that his crime was brutal and heinous, a factor for which he was not charged by indictment or preliminary hearing nor proven beyond a reasonable doubt; and the State violated defendant's rights to due process and against double jeopardy when they sought an extended term sentence based on an aggravating factor not charged by indictment.

¶ 7 On April 13, 2016, the trial court denied defendant's section 2-1401 petition, finding that *res judicata* barred defendant's claims challenging his extended term sentence because he "already argued the same issue on appeal." The court explained that

"[t]he [appellate court] specifically found the imposition of the sentence not plain error because of the nature of the crime [defendant] committed. *** Therefore, because [defendant] raised this issue on direct appeal, all claims

3

challenging [his] extended term sentence in the instant matter are barred by the doctrine of *res judicata*."

¶ 8    Defendant appealed that order. The circuit court's denial of defendant's petition was premature (see *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009) (the *sua sponte* dismissal of a section 2-1401 petition prior to the expiration of 30-day response period is error and "requires *vacatur*")), and on December 21, 2018, this court entered an agreed order in defendant's appeal, vacating the judgment and remanding for further proceedings on defendant's petition.

¶ 9    Thereafter, on April 7, 2022, the State filed a motion to dismiss defendant's 2-1401 petition. The State asserted that defendant's alleged constitutional violation failed to state a cognizable claim under section 2-1401, that defendant failed to establish that his sentence was void where the trial court had subject matter jurisdiction to impose the sentence, and that *res judicata* barred defendant's claims because this court had decided them on direct review.

¶ 10    Defendant responded to the State's motion to dismiss on August 18, 2022. Defendant asserted that his 90-year sentence given by the trial court was "a void judgment" because the trial court made a factual finding that the offense "was accompanied by 'brutal and heinous behavior indicative of wanton cruelty.' " Defendant maintained that the factual finding was "never charged in the indictment or by preliminary hearing" and the court could not "obtain jurisdiction until the justiciable matter is properly before the court through a charging by either an indictment or via preliminary hearing." Defendant further asserted that the Supreme Court in *Apprendi*

"requir[ed] any facts that increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Therefore, the proper remedy is for this court to

grant [defendant]'s *pro se* petition and determine that the 90-year sentence is a void judgment."

Finally, defendant asserted that his challenge was not barred by *res judicata* because the December 17, 2003, appellate judgment was "a one-word opinion, [which] merely 'affirmed' the original decision of the circuit court without giving an explanation or detailed opinion explaining the reason why." Defendant stated that he was now "mak[ing] the argument that the judgment is void due to the trial court never properly obtaining subject matter jurisdiction, which is an entirely different argument than the one [he] initially made in his direct appeal."

¶ 11    The trial court held a hearing on the State's motion to dismiss on December 14, 2022. The court did not hear any arguments from counsel, and proceeded immediately into ruling, stating that the court had "reviewed the petition, the State's motion to dismiss the *pro se* petition for relief from judgment [and] [t]he [defendant]'s response." The trial court found that the factual finding that defendant's actions were brutal, heinous, and indicative of wanton cruelty was "not charged against" defendant, and accordingly, the extended term sentence "would have been barred by *Apprendi*." The trial court denied the State's motion to dismiss, and stated that the "sentence, the findings and the sentencing that the previous court made, that case will go void." The court asked defense counsel "what would you like to be done next, move to another stage?" Defense counsel responded, "Yes." The trial court did not enter a written order on that date, and the half sheet indicates only that the State's motion to dismiss was denied.

¶ 12    Thereafter, on March 1, 2023, the trial court held another hearing, and the court first asked counsel the status of proceedings. The Assistant State's Attorney (ASA) stated that he had been assigned to the case the previous week, as the ASA who was previously assigned to the case had retired days after the last hearing. The ASA understood that at the December hearing the court had

denied the motion to dismiss, but "the actual 2-1401 petition" had not yet been ruled upon. Defense counsel responded that defendant was "anxious to move forward," and that the defense was not seeking an evidentiary hearing—"We're just trying to seek a ruling." The court asked defense counsel, "Your proposal is an argument concerning the merits of your petition that's on file, right?" and defense counsel responded, "Correct."

¶ 13     At the next hearing, on April 13, 2023, the ASA stated that he had reviewed the transcripts, and understood that the court had indicated during the December 2022 hearing that it was going to be finding that defendant's sentence was void, and that the court was "going to probably set this down for [the court] to make, I guess, a final[ ] ruling on it." The ASA stated that it had "one further argument" regarding the State's motion to dismiss, based on *People v. Castleberry*, 2015 IL 116916. Defense counsel responded that he "believed that the court had "already given a final judgment, but that's something we can argue *** after [the court] receive[s] the transcript and case law." The court agreed that it wanted to hear from the parties, and acknowledged that "maybe my comments were not as clear as they could have been."

¶ 14     On May 24, 2023, the trial court held a hearing. The ASA noted that the court had previously denied the State's motion to dismiss, and on the last court date, the ASA had requested the opportunity to raise one more issue. Specifically, the ASA wanted to make sure that the court was aware of *Castleberry*, 2015 IL 116916, in which the supreme court abolished the void judgment rule. The State asserted that defendant's petition was

> "based on the idea that the sentence was void because of a lack of subject matter jurisdiction. *** However, *Castleberry*, the 2015 Illinois Supreme Court case clearly states that the void sentence rule based on an argument of lack of subject matter jurisdiction is no longer a valid rule, and therefore

6

the pleading is not proper and it should be dismissed because it's under a theory that was once in existence, but no longer is."

¶ 15    The court asked defense counsel to respond, and counsel stated:

"this matter has already been litigated. *** Your Honor stated, you know, it's the findings and the sentence that the previous court made, that case will go void. So essentially my client's position is he wants Your Honor to basically stand by the ruling that you had made previously, which says his sentence is now void."

¶ 16    The court then inquired, "I know you want me to stay with my previous ruling, you made that very clear, but is there any validity to the State's argument that there [are] no longer any grounds [for] this court to void the sentence based upon the *Castleberry* case?" Defense counsel responded:

"Judge, in all honesty, the problem we are having here is Your Honor had basically stated that, you know, it was past the term for judgment for the State to file any type of motion to reconsider. They have like a 30-day time period in order to do so. I have not received any motion to reconsider, and [t]his is kind of a back-door way of doing it. It says, Judge, we want you to -- We are not filing a motion to reconsider, that's past the time, but we are asking you to reconsider it. It's not like we are filing it, but we are asking. And I haven't done a deep enough dive that if we are going to be arguing it, I would probably need to do a little bit more of my own personal research."

¶ 17    In ruling, the court remarked that *Castleberry* predated the court's prior ruling, and it could have been argued by prior counsel. The court stated that it was "comfortable with where [it] was

7

previously," that it had "fully considered what the State presented," but it did not "find that any of that changes the previous ruling." The ASA asked if the court was ruling that "the judgment of sentence is void and you're ordering ultimately a new sentencing hearing?" and the court responded, "Yes."

¶ 18 Following that hearing on May 24, 2023, the trial court entered two written orders, one handwritten and prepared by defense counsel, and one typed. The handwritten order stated, in total:

> "It is hereby ordered that [defendant's] 2-1401 petition for relief from judgment is granted. [Defendant]'s previous sentence is vacated. [Defendant] is remanded back to the circuit court for a resentencing hearing. [Defendant] is currently held no bond at the Cook County Department of Corrections with next court date of June 20, 2023 for status on sentencing hearing and appeal check date for the State."

¶ 19 The second typed order reads: "ADDENDUM TO PREVIOUS ORDER *** Post-Conviction; Defendant In Custody/ DEFENDANT CONVICTION IS VACATED/ Defendant Remand Custody Cook County Sheriff; NO BAIL/Continuance By Agreement/DEFENDANT TO BE BROUGHT TO COURTROOM 506 FOR IN-PERSON AT 09:00am."

¶ 20 The State filed a motion to reconsider on June 8, 2023, asking the court to reconsider its decision that *res judicata* did not bar defendant's claim. The State pointed out that defendant had informed the court that the appellate court had issued a one-word opinion, which had "merely 'affirmed' the original decision of the circuit court without giving an explanation or detailed opinion explaining the reason why." The State advised the court that this was inaccurate, and that the appellate court had issued a lengthy Rule 23 order which had fully considered and disposed of defendant's argument that his sentence is unconstitutional based on *Apprendi*.

¶ 21    On June 20, 2023, the court held a hearing on the State's motion. Defense counsel argued that the State's motion should be denied because of "timeliness," where the State's motion to dismiss was denied in December 2022. Defense counsel also asserted that

> "the State is saying that you definitively made your decision based on *Apprendi* and in reading the transcript *** I would argue that it's not entirely clear.  Your Honor does mention the *Apprendi* case *** [but] [i]n my reading that I'm not sure if your Honor was just going through a history of the case. *** [T]his is a 2-1401 petition where he's arguing subject matter jurisdiction of the court, not an *Apprendi* argument so therefore *** our argument is that this is not based on *res judicata* and *Apprendi* that you made your decision on other factors."

¶ 22    The State replied as to timeliness, that the "the written order ultimately granting the petition was less than 30 days ago." The court agreed that "these are substantive issues so I'm not going to deny the State's petition based on timeliness." The court stated, however, that its "mention of *Apprendi* was for historical purposes. [The ruling] didn't turn on *Apprendi*. I stand on the previous ruling and that gives the State the basis for moving forward in terms of appeal."

¶ 23    The State filed a timely notice of appeal from that order, and in this court, the State asserts that the court erred in granting defendant's 2-1401 petition and declaring defendant's extended sentence void.

¶ 24    As an initial matter, we must consider our jurisdiction. See *People v. Smith*, 228 Ill. 2d 95, 103-04, 106 (2008) ("[T]he ascertainment of its own jurisdiction is one of the two  most important tasks of an appellate court panel when beginning the review of a case."); *People v. Lewis*, 234 Ill. 2d 32, 36-37 (2009). The determination of whether this court has jurisdiction to consider an appeal is a question of law, which we review *de novo. People v. Shinaul*, 2017 IL 120162, ¶ 8.

¶ 25     Defendant first contends that this court lacks jurisdiction to consider the State's appeal because it does not concern any of the limited circumstances in which the State is allowed to appeal in a criminal case provided under Illinois Supreme Court Rule 604(a)(1) ("In criminal cases, the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge ***; arresting judgment because of a defective [charging instrument]; quashing an arrest or search warrant; [or] suppressing evidence ***.").

¶ 26     The State, however, does not rely on Illinois Supreme Court Rule 604(a)(1), and agrees that the rule does not apply to its appeal. Instead, the State's jurisdictional statement contends that this court has jurisdiction pursuant to Article VI, § 6, of the Constitution of Illinois and Illinois Supreme Court Rules 303 (eff. July 1, 2023) and 304(b)(3) (eff Mar. 8, 2016).

¶ 27     Here, the State is appealing the trial court's order granting defendant's petition for relief from judgment pursuant to section 2-1401, and the order denying its motion to reconsider. Section 2-1401 provides a civil remedy that extends to criminal cases as well as to civil cases. *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). Thus, although defendant filed his 2-1401 petition in the same proceeding as his criminal case, the petition was not a continuation of that action. 735 ILCS 5/2-1401(b) (West 2022); *People v. Abdullah*, 2019 IL 123492, ¶ 13. *Shinaul*, 2017 IL 120162, ¶¶ 10-13; *Vincent*, 226 Ill. 2d 1, 8 (2007) ("proceedings under section 2-1401 are subject to the usual rules of civil practice"). Rather, the proceeding was "a new cause of action subject to the rules of civil procedure." *Abdullah*, 2019 IL 123492, ¶ 13.

¶ 28     In general, the appellate court has jurisdiction to review appeals from final judgments, as well as certain interlocutory orders as provided by supreme court rule. *In re Henry B.*, 2015 IL App (1st) 142416, ¶ 21; Article VI, § 6, of the Illinois Constitution (vesting the appellate courts with jurisdiction to review final judgments). Specifically, in civil proceedings, the general rule is

that appellate jurisdiction is only conferred upon the timely appeal of a final order, which is one that "disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof." *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 341 (2001).

¶ 29    Defendant contends that Article VI, § 6, of the Constitution of Illinois and Illinois Supreme Court Rule 303 (eff. July 1, 2023) do not confer jurisdiction on the appellate court over this appeal, because the order the State appeals is not final and appealable. Defendant cites *People v. Miller*, 2019 IL App (1st) 161687, ¶ 20 for the proposition that "[w]hen a matter has been remanded for re-sentencing, the case is not final until the new sentence has been pronounced." The State replies that the 2-1401 proceedings were "a new cause of action" and that the challenged order fully resolved any pending controversy in the 2-1401 proceeding, even if the underlying criminal proceedings had not yet concluded.

¶ 30    We conclude, however, that we need not determine whether the order the State appeals fully resolved the entire controversy so Article VI, § 6, of the Constitution of Illinois or Rule 303 (eff. July 1, 2023) would apply. The State also contends that this court has jurisdiction to consider this appeal under Rule 304(b)(3), and we agree.

¶ 31    Illinois Supreme Court Rule 304 governs appeals from final judgments that do not dispose of an entire proceeding. Rule 304(a) allows for the appeal of certain final judgments even if the case has not fully resolved, so long as the court makes an express written finding that there is no just relay for delaying either enforcement, appeal, or both (Ill. S. Ct. R. 304(a) (eff. March 8, 2016)), and Rule 304(b) provides for the appeal of certain orders without requiring any special finding. Specifically, as relevant here, Rule 304(b)(3) provides as follows:

> "(b)The following judgments and orders are appealable without the finding
>
> required for appeals under paragraph (a) of this rule:

11

\*\*\*

> (3) A judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure."

¶ 32    Clearly, here, the State is appealing "a judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure," and the State timely filed its notice of appeal within 30 days of the order denying its motion to reconsider. Although the result of the trial court's order was that defendant was "remanded back to the circuit court for a new sentencing hearing," it is not the decision to order a new sentencing hearing that the State appeals in this case. Instead, the State appeals the order granting defendant's 2-1401 petition, an order which our legislature has explicitly made appealable under 304(b)(3). *In re Custody of C.C.*, 2013 IL App (3d) 120342, ¶ 47 ("a section 2–1401 pleading constitutes a separate action from the original pleading, \*\*\* and is, therefore, appealable on grounds independent from those used as a basis for appeal from the original judgment."); *Village of Glenview v. Buschelman*, 296 Ill. App. 3d 35, 39 (1998) ("certain trial court judgments and orders, including those granting or denying relief sought in a section 2–1401 petition, are final and, thus, immediately appealable."). Accordingly, we conclude that we have jurisdiction over this matter pursuant to Rule 304(b)(3). See *Sarkissian v. Chicago Board of Education,* 201 Ill. 2d 95, 102 (2002) ("The filing of a section 2–1401 petition is considered a new proceeding, not a continuation of the old one. Thus, a circuit court's ruling on such a petition is deemed a final order and provision has been made for immediate review of these orders in Supreme Court Rule 304(b)(3)" (internal citations omitted.)).

¶ 33   Defendant next asserts that this court lacks jurisdiction because the State's notice of appeal is "defective" where it indicates that the State is appealing the June 20, 2023, order "[g]ranting" the State's motion to reconsider. The State acknowledges that the notice of appeal erroneously states that the trial court "granted," rather than "denied" their motion to reconsider, but contends that it was a typographical error, which is not fatal to this court's jurisdiction. We agree.

¶ 34   The purpose of a notice of appeal is to put the prevailing party on notice that the other party seeks review of the circuit court's judgment. *General Motors Corp. v. Pappas,* 242 Ill.2d 163, 176 (2011). A notice of appeal will be deemed sufficient to confer appellate jurisdiction where it fairly and adequately sets out the judgment complained of and the relief sought. *Id.* Where a deficiency in a notice of appeal "is one of form, rather than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal." *People v. Smith*, 228 Ill. 2d 95, 105 (2008) (internal quotations omitted). "Illinois courts have repeatedly refused to dismiss an appeal because of a technical deficiency in the notice of appeal so long as the notice fulfills its basic purpose of informing the victorious party that the loser desires a review of the matter by a higher court." *In re Estate of Weeks*, 409 Ill. App. 3d 1101, 1108–09 (2011) (quoting *In re Estate of Weber*, 59 Ill. App. 3d 274, 276 (1978)).

¶ 35   Despite the erroneous inclusion of the word "grant[ed]," rather than "denied" on the notice of appeal, the notice adequately informed defendant which order the State was appealing. Defendant does not allege that he was prejudiced by the error, nor can we see any possibility that defendant could have been misled. The court never entered an order granting the State's motion to reconsider, and, had it done so, the State's appeal would have been unnecessary. The State accurately set out the date of the order, and the minor typographical error did not prevent defendant from ascertaining which order the State was appealing. Accordingly, the error did not render the

notice of appeal fatally defective. See *In re Marriage of Crecos*, 2015 IL App (1st) 132756, ¶ 17 (typographical errors in listing the dates of orders appealed from did "not create a fatal defect" in appellant's notice of appeal.); *State Security Insurance Co. v. Linton*, 67 Ill. App. 3d 480, 486 (1978) (an "obvious[ ] *** typographical error" in the notice of appeal did not warrant dismissal).

¶ 36     Defendant also contends that by listing only the June 20, 2023, order, the State "did not appeal the May 24, 2023 order vacating [defendant]'s conviction." Defendant asserts that the circuit court "vacated not just [his] sentence but [his] conviction as well" and the State's "lack of understanding may have led to the State's failure on appeal to seek vacatur of the order vacating the conviction." He maintains that this court lacks jurisdiction to review the order vacating his conviction because the State omitted it from their notice of appeal, and the State forfeited any challenge to that order by failing to raise a claim previously. Defendant asks this court to "leave the May 24, 2023 order vacating [defendant]'s conviction intact, thus allowing that order to stand."

¶ 37     Implicit in defendant's argument is that the May 24, 2023, "addendum to previous order," is an order which vacated his murder conviction. Although the May 24, 2023, typewritten order states that defendant's "CONVICTION IS VACATED," such wording is, again, clearly a typographical error. Defendant's arguments in these proceedings have always been that his *sentence* should be vacated, and he has never asked for his *conviction* to be vacated. Likewise, the issue before the court was not whether defendant's conviction should be vacated, but whether he was entitled to a new sentencing hearing.

¶ 38     The addendum also conflicts with the handwritten order prepared by defense counsel and the trial court's oral ruling. Although a written order of the circuit court is evidence of the judgment of the circuit court, the trial judge's oral pronouncement is the judgment of the court. *People v.*

*Maxey*, 2015 IL App (1st) 140036, ¶ 46 (internal quotations omitted). Where an oral pronouncement and the written order are in conflict, the court's oral pronouncement controls. *Id.*

¶ 39     At the May 24, 2023 hearing, as the court was issuing its ruling, the following exchange occurred:

> DEFENSE COUNSEL: And to clarify, the ruling is that the previous judgment is void, correct?
>
> ASA: From the transcript it says the sentence, the findings, and the sentence the previous Court made, that case will be void is what you said.
>
> DEFENSE: So the judgment of sentence is void and you're ordering ultimately a new sentencing hearing?
>
> COURT: Yes.

¶ 40     The transcript and oral ruling clearly establish that the trial court intended only to vacate defendant's sentence, not to *sua sponte* vacate his murder conviction. The typewritten order essentially mirrors defense counsel's handwritten order, and the only reasonable conclusion is that the addendum is not an unrelated order pronouncing a ruling on an issue that the trial court and parties never addressed. Rather, the order appears to be a typewritten memorialization of the handwritten order that was issued on the same date, which inadvertently referred to defendant's conviction rather than his sentence. *Schaffner v. 514 West Grant Place Condominium Ass'n*, 324 Ill. App. 3d 1033, 1040, 1042 (2001) (quoting Black's Law Dictionary 563 (7th ed. 1999)) (A "scrivener's error" or "clerical error" is one " 'resulting from a minor mistake or inadvertence, [especially] in writing or copying something on the record, and not from judicial reasoning or determination.' ").

¶ 41    Having confirmed our jurisdiction, we turn to the merits of the State's appeal. The State asserts that the court erred in granting defendant's 2-1401 petition and declaring defendant's extended term sentence void.

¶ 42    Section 2–1401 establishes a comprehensive, statutory procedure that allows for the vacatur of a final judgment older than 30 days. 735 ILCS 5/2–1401 (West 2022). "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *Vincent*, 226 Ill. 2d at 7-8. Normally, a 2-1401 petition is required to be filed within two years after the entry of the challenged judgment, and petitions filed beyond the two-year period will not be considered. *People v. Gosier*, 205 Ill. 2d 198, 206 (2001) (citing *People v. Caballero*, 179 Ill. 2d 205, 210 (1997)). Nevertheless, a party challenging a judgment as void may bring one at any time. 735 ILCS 5/2-1401(f) (2020); *People v. Thompson*, 2015 IL 118151, ¶ 28. "To say that a judgment is void *** is to say that the judgment may be challenged in perpetuity." *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 38.

¶ 43    Here, defendant filed his 2-1401 petition in 2016, 17 years after his 1999 convictions. To overcome the procedural bar based on timeliness, defendant challenges the underlying judgment as "void." The Illinois Supreme Court recognizes an order as void in only two instances: (1) when the court that entered the judgment lacked personal or subject matter jurisdiction; and (2) where the final judgment is based on a facially unconstitutional statute. *People v. Price*, 2016 IL 118613, ¶ 30-31 (internal quotations and citations omitted) ("When we say that a judgment is void, that judgment may be challenged 'at any time, either directly or collaterally, and the challenge is not subject to forfeiture or other procedural restraints.' Therefore, only the most fundamental defects warrant declaring a judgment void.")

¶ 44    In the circuit court, defendant argued that his sentence constituted the first type of void order, asserting that the judgment was void because the trial court never properly obtained subject matter jurisdiction over him. As the State explains in their appellate brief, subject matter jurisdiction refers to a court's power "to hear and determine cases of the general class to which the proceeding in question belongs." *$59,914 United States Currency*, 2022 IL 126927, ¶ 19 (internal quotations omitted); *People v. Hughes*, 2012 IL 112817, ¶ 28 (a defective indictment which failed to charge an offense to which defendant pleaded guilty does "not divest the court of jurisdiction. [T]he only consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine.") *People v. Guillermo*, 2016 IL App (1st) 151799, ¶ 15.

¶ 45    Here, the trial court undoubtedly had subject matter jurisdiction over defendant's criminal charges and sentence, and the omission of an aggravating factor in the indictment would not divest the court of subject matter jurisdiction. *Watkins v. Page*, 322 Ill. App. 3d 360, 364 (2001) ("even if *** [the] indictment was defective, a defective indictment does not divest the trial court of jurisdiction); *Hughes*, 2012 IL 112817, ¶ 28.

¶ 46    Apparently recognizing the lack of merit to his claim based on subject matter jurisdiction, defendant abandons the argument in this appeal. Instead, defendant now argues the second type of void order, asking this court to affirm the circuit court order vacating his extended term sentence as a void order "because the extended term statute on which it was based is facially unconstitutional." Defendant recognizes that "his reasons to support affirmance differ from those of the circuit court that granted [his] 2-1401 petition," but asserts that this court "may affirm based on any valid reason supported by the record."

¶ 47   A section 2-1401 petition can present either a factual or legal challenge to a final judgment or order, and the "nature of the challenge presented" dictates the proper standard of review on appeal. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶¶ 31, 41. Here, defendant contends that the circuit court's order granting his 2-1401 petition should be affirmed because the extended term statute under which he was sentenced is facially unconstitutional. The constitutionality of a statute is a legal question, which we review *de novo*. *People v. Baker*, 2023 IL App (1st) 220328, ¶ 21.

¶ 48   Defendant contends that the "statutory scheme when [defendant] was sentenced violated *Apprendi* because it allowed the trial judge rather than the jury to make a factual finding that the offense was accompanied by 'exceptionally brutal or heinous behavior indicative of wanton cruelty' by a preponderance of the evidence rather than proof beyond a reasonable doubt, thus allowing the judge to sentence a defendant to a term of imprisonment for first degree murder in excess of the statutory maximum of 60 years' imprisonment."

¶ 49   Our supreme court, however, has foreclosed the argument that defendant attempts to make in this appeal. In *Hill v. Cowan*, the supreme court addressed the extended term sentencing statute, and concluded that it was not facially unconstitutional. *Hill*, 202 Ill. 2d 151, 156 (2002), as modified on denial of reh'g (Dec. 2, 2002) ("the statutes involved in this case—sections 5–5–3.2 and 5–8–2 of the Unified Code of Corrections (Ill.Rev.Stat.1981, ch. 38, pars. 1005–5–3.2, 1005–8–2, now codified at 730 ILCS 5/5–5–3.2, 5–8–2 (West 2000))—are not unconstitutional on their face.") Similarly, in *Lucien v. Briley*, 213 Ill. 2d 340 (2004), the supreme court upheld the constitutional validity of the statue allowing an extended term sentence based on a judge's finding that the crime was accompanied by brutal or heinous conduct, finding that the "statute authorizing

plaintiff's extended terms was not facially unconstitutional and hence not void *ab initio." Lucien*, 213 Ill. 2d at 344-45.

¶ 50    Defendant, however, contends that the test for whether a statute is facially unconstitutional has changed since *Hill* and *Lucien*, and that such challenges should no longer be analyzed using, what he calls, the "no set of circumstances" standard which was used in those cases.  Defendant asserts that the "United States Supreme Court has modified its criteria for determining whether a statute is unconstitutional on its face," and has instead used a more lenient standard, requiring a challenger to show only that the statutes invalid applications are real and substantial. In arguing that the "no set of circumstances" standard no longer applies, defendant relies on *Broadrick v. Oklahoma*, 413 U.S. 601 (1973); *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595 (2021); and *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442 (2008). Those cases, however, each address First Amendment overbreadth claims, for which the Supreme Court employs a different analysis. *Bonta*, 594 U.S. at 2373 ("In the first amendment context, the court has recognized a type of facial challenge, whereby a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" (internal quotations omitted)) Accordingly, we find defendant's cited authority inapplicable here.

¶ 51    We also note that our supreme court has continued to utilize the "no set of circumstances" standard to review facial challenges as recently as a year ago, well after the United States Supreme Court authority that defendant claims changed the appropriate standard. In *Caulkins v. Pritzker*, 2023 IL 129453, ¶ 29 (internal citations omitted), the supreme court explained:

>        "Plaintiffs mount a facial challenge, which is the most difficult type of constitutional challenge. An enactment is invalid on its face only if no set of

circumstances exists under which it would be valid. A facial challenge requires a showing that the statute is unconstitutional under any set of facts; the specific facts related to the challenging party are irrelevant."

¶ 52    Although defendant invites us to conclude that the "reasoning of" *Lucien* and *Hill* is "no longer valid," and to utilize a more lenient test for analyzing whether a statute is facially unconstitutional, this court "lacks authority to overrule decisions of the [supreme court] which are binding on all lower courts.'" See *In re A.P.*, 2014 IL App (1st) 140327, ¶ 25 ("[A]s an appellate court, we are bound to honor our supreme court's conclusions on an issue unless and until that conclusion is revisited by our supreme court or overruled by the United States Supreme Court[.]") (citations and quotation marks omitted).

¶ 53    We also note that in this case, this court already determined that the sentencing scheme was not unconstitutional as applied to defendant. A facial challenge requires a showing that "a statute is unconstitutional in all its applications," and accordingly, "[i]f a statute is constitutional as applied to a defendant, a facial challenge to the same statute will necessarily fail because that means there is at least one set of facts where the statute may be constitutionally applied." *People v. Wiggins*, 2016 IL App (1st) 153163, ¶ 75; see also *People v. Watson*, 2021 IL App (1st) 180034, ¶ 17 ("if defendant cannot show that these statutes are unconstitutional as applied to her, she obviously cannot mount a facial challenge on the same ground.").

¶ 54    Finally, the State also contends that defendant's 2-1401 petition should have been denied because *res judicata* bars defendant's claim. We agree.

¶ 55    *Res judicata* is an equitable doctrine intended "to prevent multiple lawsuits between the same parties where the facts and issues are the same." *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 44. Under this doctrine, "a final judgment on the merits rendered by a court of competent jurisdiction

operates to bar a subsequent suit between the same parties and involving the same cause of action." *Id.* Additionally, the doctrine "bars not only what was actually decided in the first action but also whatever could have been decided." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). "Whether a claim is barred by *res judicata* is a question of law, which we review *de novo.*" *People v. Kines*, 2015 IL App (2d) 140518, ¶ 20 (citing *Lutkauskas*, 2015 IL 117090, ¶ 43).

¶ 56    As explained above, in defendant's direct appeal, defendant argued that his extended-term sentence was unconstitutional under the then-recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). This court agreed that an *Apprendi* violation occurred, but found that there was no plain error based on the "overwhelming" evidence that the crime was committed in a brutal and heinous manner. *People v. Watts*, No. 1-99-3357 (2003) (unpublished order under Illinois Supreme Court Rule 23).

¶ 57    In defendant's response brief, he acknowledges that "[f]or all intents and purposes, [defendant]'s Section 2-1401 claim constituted an as-applied constitutional claim that the trial court violated his due process rights under *Apprendi* *** and its progeny in sentencing him to an extended term sentence of 90 years' imprisonment." Defendant also recognizes that on direct appeal, this court "ruled on [defendant's] as-applied challenge" based on *Apprendi*. Accordingly, defendant changes his argument in this appeal, claiming that he is "no longer mak[ing] an as-applied challenge," and instead, he is asking this court to find that the "extended term sentencing provisions under which he was sentenced are unconstitutional on their face." Defendant contends that, because he is "making a different constitutional argument than the one he raised on direct appeal, *** *res judicata* does not apply."

¶ 58    Defendant's attempts to couch his constitutional claim as a facial challenge are unavailing. As described above, by deciding that the extended term sentencing statute was not unconstitutional

21

as applied to defendant, this court already determined that there exists a constitutional application of the statute, precluding a finding that it is facially unconstitutional. *Wiggins*, 2016 IL App (1st) 153163, ¶ 75; *Watson*, 2021 IL App (1st) 180034, ¶ 17. Moreover, *res judicata* "bars not only what was actually decided in the first action but also whatever could have been decided," (*Hudson*, 228 Ill. 2d at 467) and defendant has provided no explanation for why he could not have also challenged the facial constitutionality of the statute at the time he previously mounted his as-applied challenge on direct appeal. In these circumstances, we conclude that *res judicata* bars defendant's claim, and his 2-1401 petition should have been denied on this basis as well.

¶ 59 For the foregoing reasons, we conclude that the circuit court fundamentally erred in granting defendant's petition for relief from judgment under section 2-1401, where defendant cannot establish that his extended term sentence is void or that the statute under which he was sentenced is facially unconstitutional, and where *res judicata* barred defendant's claim. The judgment of the circuit court of Cook County is reversed, and the matter is remanded for proceedings consistent with this opinion.

¶ 60 Reversed and remanded.